### TEXAS LAND & IMMIGRATION CO. v. H. MASTERSON.
#### No. 959.

**Order of Sale—Execution of by Constable—Sale of Land.**
A constable may execute an order of sale issued from the District Court upon a judgment foreclosing a lien on land, and a sale made by him thereunder is not irregular, even though the sheriff was competent to act.

APPEAL from Brazoria. Tried below before Hon. T. S. REESE.

*Eugene J. Wilson* and *E. N. Krause,* for appellant.—A constable has not authority to execute orders of sale issued out of the District Court addressed to the sheriff or any constable, except when the sheriff is in some manner disqualified to execute same. Const. of Texas, 1876, art. 5, sec. 23; Rev. Stats., arts. 4516, 4524, 4525, 4531, 4533, 4537-4541; Powell v. Wilson, 16 Texas, 59; Murfree on Sheriffs, sec. 23.

*A. R. Masterson* and *H. Masterson,* for appellee.—Any constable of the county has authority to execute orders of sale issued out of the District Court addressed to the "sheriff or any constable," whether the sheriff is disqualified to execute the same or not. Art. 5, sec. 24, Const. of Texas, 1876; arts. 1215, 3019, 3024, 4541 and 4385, Sayles' Civil Statutes.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant sued to set aside a sale of land and a deed made by a constable of Brazoria County under an order of sale issued upon a judgment foreclosing a lien on the land, which writ was addressed to "The Sheriff or any Constable of Brazoria County," and which the sheriff was not in any way disqualified from executing. The sale was attacked on the sole ground that a constable

was not authorized, under the laws of this State, to execute such process. A demurrer was sustained to the petition and the cause was dismissed.

The only question presented for decision is whether or not a constable, where the sheriff of the county is competent to act, may, under our law, execute such process issued from the District Court.

We are of the opinion that various provisions of the statutes confer such authority and recognize it as existing. Sayles' Statutes, arts. 4537, 4541, 4525, 2281, 1443, 1215, 4385, 3019, 3024.

These are some of the provisions prescribing various duties of sheriffs and constables, and from them it appears that process from all of the courts is addressed to both constable and sheriff, and that, when one is required to execute process, the same power is given to and duty imposed upon the other. Article 4532 requires the constable to execute all process directed and delivered to him by any lawful officer. By article 1443, all process from the District Court is, unless otherwise provided, to be directed to both sheriff and constable, and may be delivered to either, and hence it must be the duty of that one to whom a particular writ is delivered to execute and return it. Special provisions are made as to many writs, perhaps all of them, which require service by either of these officers; they must be addressed to both, and empower either to execute them. We cannot see how the Legislature could more strongly have indicated its purpose that these writs should be executed by either of these officers to whom they might be delivered.                                    *Affirmed.*

Delivered November 21, 1895.

Writ of error refused.