## R. P. MEDLIN v. ADAM SEIDEMAN.

Decided May 24, 1905.

**1.—Sheriffs and Constables—Respective Rights as to Service of Process.**

Under the several provisions of the statute requiring process from the courts to be directed to the "sheriff or any constable" of the county, and article 4915, requiring the constable to execute and return all process, etc., "to him directed and delivered by any lawful officer," the constable has the right to execute process issued from the District and County Courts and delivered to him by the attorneys of the parties, and is entitled to the fees for such service.

**2.—Same—Statutory Construction—Rules Governing.**

In construing a statute the courts seek to give effect to the legislative intent, and will not sacrifice that intent for the sake of giving a literal construction to the words used; and statutes will be construed in such manner as to prevent absurdity, hardship or injustice and to favor public convenience.

Appeal from the District Court of Guadalupe. Tried below before Hon. M. Kennon.

*Dibrell & Mosheim,* for appellant.—All civil process and writs issued from the County and District Courts must be directed to the sheriff or any constable of the county where such process and writs are to be served, except in cases where the sheriff may be disqualified; and such process and writs may be delivered to either the sheriff or any constable of said county by the party or his attorney, at whose instance such process or writs may be issued, and it becomes the privilege and duty of such party or his attorney to deliver such process to either officer he may choose, and the law does not authorize the restriction of such authority and duty of the constable to execute such process alone as he may receive from the officer issuing the same.

The clerk who issues the process in civil cases must upon request deliver the same to the party or his attorney who requests the issuance of such process. The constable is not confined to his beat and he has authority coextensive with the county limits of his county to execute all civil process that comes into his hands. The law requires all such civil process to be directed to him as well as to the sheriff, and for any failure to execute said process he is made liable to the party aggrieved. Sayles' Stats., arts. 1215, 1443, 2281, 3019, 3024, 4385, 4525, 4537, 4539, 4541; Texas Land and Immigration Co. v. Masterson, 33 S. W. Rep., 376; Houston Printing Co. v. Moulden, 41 S. W. Rep., 386; Candiff v. Feagan, 46 Texas, 477.

*W. R. Neal* and *Adolph Seideman,* for appellee.—At common law the sheriff was the chief executive officer of the county and all writs and process were directed to him except for a sufficient cause a particular writ was directed to the coroner. Under the Constitution and laws of Texas the sheriff is a ministerial officer of the District and County Courts of his county, and it is provided by statute that the sheriff shall execute all process to him directed by legal authority. There is no requirement of any statute that any process be delivered to the sheriff by a lawful officer. In the Revised Statutes of 1879 the statute prescribing the powers, duties and liabilities of a constable was so amended as to require a delivery of the particular process, to be executed by a constable, by a lawful officer. Article 4915. Neither litigants nor their attorneys can determine whether the sheriff or the constable shall execute and return a particular process, but by the plain provision of the statute, when a constable is to execute and return a particular process or writ, the same must be both directed and delivered to him by a lawful officer. The office of sheriff and the office of constable are distinct and separate offices and the powers, duties and liabilities of each are prescribed by different statutes, and while the sheriff or the constable is empowered to execute and return process, the mode of determining whether a particular process shall be executed and returned by the sheriff or by the constable is definitely determined by the amendment incorporated in the original statute in 1879. By the plain provision of said statute neither litigants nor their attorneys can determine whether the sheriff shall be deprived of his fee for executing

a particular process or writ, the statute plainly providing that this matter must be determined by a lawful officer and the lawful officer determines this matter by directing and delivering the particular writ to the constable.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by appellee, the sheriff of Guadalupe County, to obtain an injunction restraining appellant, the constable of precinct number one, Guadalupe County, from executing and returning process in civil actions issued from the District and County Courts of Guadalupe County, unless such process be directed and delivered to him by some lawful officer, and to recover of appellant fees collected by him. A temporary writ of injunction was granted, and on the final hearing the injunction was perpetuated and judgment was rendered against appellant for $262.20 for fees collected by him on process issued out of the County and District Courts of Guadalupe County.

It was proved that appellee was the duly elected and qualified sheriff of Guadalupe County, and that appellant was the duly elected and qualified constable of precinct number one of the same county. Process in civil cases, issued by the proper officers out of the County and District Courts of Guadalupe County, was placed in the hands of the constable for execution, by the attorneys of the respective parties in such suits, and he properly executed and returned the same and collected the fees due therefor. The sheriff was in no manner disqualified from executing the process executed by the constable.

Under the terms of the different statutes of Texas on the subject, the several kinds of process, writs and notices in civil actions are to be directed to the "sheriff or any constable" of the county where the process is to be executed. Sayles' Stats., arts. 1214, 1447, 2338, 3147, 3152, 4706.

In article 4901, Sayles' Statutes, it is provided that it shall be the duty of the sheriff to "execute all process and precepts directed to him by legal authority," and in article 4915 the constable is required to "execute and return according to law all process, warrants and precepts to him directed and delivered by any lawful officer," and the District Court must have arrived at its conclusion in regard to the case by construing the latter statute to mean that the clerk must direct the process to the sheriff or constable, and then that it must be delivered to the latter by the clerk or by some other lawful officer, in person, in order to empower him to execute it, or create a duty in connection therewith. That, possibly, is what a literal construction of the statute would lead to, and it would be necessary to hold that a writ or other process placed in the hands of the constable, to whom it is directed, by the attorneys of the party at whose instance it was issued, could not be legally executed, but if the same process be delivered to the constable by a county commissioner, a notary public, a justice of the peace, a policeman or an alderman, then he would be empowered to execute and return it. The very statement of the effect of a literal construction of the statutes shows to what absurdities it would lead, and we think that a broader and more liberal construction is demanded. Considerations of what is reasonable, always has a potent influence in the con-

struction of statutes, and they will be construed in such a manner as to prevent absurdity, hardship or injustice and to favor public convenience. (Sutherland, Stat. Con., secs. 322, 323.)

Courts are not authorized to legislate or read into statutes constructions that will do violence to the language thereof, but in all cases where a reasonable construction can be placed upon a statute when a literal construction would lead to absurd and unreasonable results, that construction should be favored. In the case of Russell v. Farquahar, 55 Texas, 355, the court said: "If courts were in all cases to be controlled in their construction of statutes by the mere literal meaning of the words in which they are couched, it might well be admitted that appellants' objection to the evidence was well taken. But such is not the case. To be thus controlled, as has often been held, would be for the courts, in a blind effort to refrain from an interference with legislative authority by their failure to apply well established rules of construction, to, in fact, abrogate their own power and usurp that of the Legislature, and cause the law to be held directly the contrary of that which the Legislature had in fact intended to enact. While it is for the Legislature to make the law, it is the duty of the courts to 'try out the right intendment' of statutes upon which they are called to pass and by their proper construction to ascertain and enforce them according to their true intent. For it is this intent which constitutes and is in fact the law, and not the mere verbiage used by inadvertence by the Legislature to express its intent, and to follow which would prevent the intent." Applying that method of construction to the language of article 4915 and would it not be inconsistent to hold that the Legislature intended to provide that a constable should have the authority to execute any legal process handed to him in person by a notary public, hide inspector or public weigher, but could not execute the same process if handed to him by the attorney who procured its issuance? It does no violence to the law, but gives it a reasonable construction, to hold that when a clerk of the County or District Court issues process and delivers it to the party who has obtained it, or his attorney, and it is delivered by him to a constable, it is in the eye of law, reason and common sense a delivery by the clerk to the constable, and a full compliance with the provisions of article 4915, Sayles' Statutes. To hold otherwise is to place the absolute power in the hands of the clerk of a court to determine what officer shall execute process and enable him to deprive a sheriff of his county of the fees arising from the execution of all process issuing from his court, which would be much more disastrous to him financially than would the selection of a constable by a single attorney to execute the process issued in his cases. We can not conceive that the Legislature intended to place any such power in the hands of the clerk, but rather that it intended to permit the attorneys of a litigant to obtain any process desired and to place the same in the hands of the sheriff or constable as he may desire, or retain it and not have it executed at all.

The power and authority of the constable is coextensive with the limits of the county to which his precinct belongs, and within those limits he has the same duties and powers in connection with the execution and return of civil process as the sheriff has. (Cundiff v. Teague, 46

Texas, 475; Land Co. v. Masterson, 11 Texas Civ. App., 483, 33 S. W. Rep., 376.) After citing the statutes applying to the issuance and service of process the Court of Civil Appeals of the First District, in the Masterson case said: "These are some of the provisions prescribing various duties of sheriffs and constables, and from them it appears that process from all the courts is addressed to both constable and sheriff, and that, when one is required to execute process, the same power is given to, and duty imposed upon, the other." This quotation no doubt expresses the legislative intent in the enactment of article 4915.

In order to show to what inconsistencies a literal construction of statutes might lead it is only necessary to refer to article 4901, where the sheriff is required to execute all process and precepts directed to him by legal authority. Literally construed his duty to execute such process would arise whether it was delivered to him or not; because delivery to him is not mentioned in that article. Such a construction would be so absurd and unreasonable that it could not be entertained for a moment. Instances could be multiplied of the absurd results that would arise from a literal interpretation of statutes. A construction of a statute in accordance with its reason and spirit will be preferred to one based on its strict letter, if not altogether inconsistent with its terms.

If the judgment in this case were held to be in accord with the spirit of the law, it would have the effect of opening to attack every writ executed and returned by constables on the ground that process issued in strict compliance with law had not been handed to him directly by another officer, although he may have received it from the hands of the person as much or more interested in it than anyone else. Such a rule would disturb titles and produce confusion and uncertainty. In the return of a constable on a citation, for instance, it is not required by law that it shall state by whom it was delivered to him, but merely that it was served and the manner of service and be signed by the officer. If it be essential to the validity of the service that it should be delivered to the constable by a lawful officer, a return failing to show that fact would be illegal and impart no verity to the act. The Legislature did not deem it of sufficient importance, however, to require it to be embodied in the return. (Art. 1225, Sayles' Stats.)

The evidence appearing in the statement of facts does not establish the amount of damages that may have accrued to appellant by reason of the issuance of the writ of injunction, and this court is therefore unable to pass upon the question of damages that might have arisen in the case.

The judgment of the District Court is reversed, and judgment here rendered dissolving the injunction and in favor of appellant for all costs in this behalf expended in this court, as well as in the trial court; the rendition of this judgment being without prejudice to any action that might be instituted for damages by appellant against appellee and the sureties on his injunction bond.

*Reversed and rendered.*