### BOYDSTUN v. NUGENT. (No. 2703.)

(Court of Civil Appeals of Texas. Amarillo. June 2, 1926.)

1. Judgment ⬚17(9)—Process ⬚27—Citation issued by clerk of district court of county of suit to appear before district court of another county at county seat thereof held fatally defective and insufficient to sustain default judgment (Rev. St. 1925, art. 2022).

Citation issued by clerk of district court of Carson county, wherein suit was filed, to appear before district court of Potter county at Amarillo, instead of county seat of Carson county, wherein defendant was alleged to reside. as required by Rev. St. 1925, art. 2022, *held* fatally defective and insufficient to sustain default judgment.

---

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Process ⟊⇒2.**

Rev. St. 1925, art. 2022, prescribing requisites of citation, is mandatory and must be strictly followed to confer jurisdiction.

Error from District Court, Carson County; W. R. Ewing, Judge.

Action by J. S. Nugent against W. S. Boydstun. Judgment against defendant by default, and he brings error. Reversed and remanded.

E. O. Northcutt, of Amarillo, for plaintiff in error.

Umphres, Mood & Clayton, of Amarillo, for defendant in error.

HALL, C. J. This suit was filed in the district court of Carson county July 29, 1925, by J. S. Nugent, seeking to recover the sum of $3,792 alleged to be due as commissions, and is numbered 709 on the docket of that court.

C. L. Upham, the clerk of the district court of Carson county, issued a citation and delivered it to the sheriff of that county, directing him to serve the defendant, Boydstun. The citation contains the following recitals:

"You are hereby commanded to summon W. S. Boydstun to be and appear before the honorable district court of Potter county, Tex., at the next regular term thereof to be holden at the court house at Amarillo, Tex., on the fourth Monday in August, 1925, the same being the 24th day of August, 1925, then and there to answer the plaintiff's petition filed in a suit in said court on the 29th day of July, 1925, wherein J. S. Nugent is plaintiff and W. S. Boydstun is defendant; file number of said suit being 709.

"Herein fail not, but have you before said court on the said first day of the next regular term thereof this writ with your return thereon, showing how you executed the same. Witness, C. L. Upham, Clerk of the District Court of Potter County, Tex. Given under my hand and seal of said court at office in Amarillo, Tex., this 29th day of July, 1925. C. L. Upham, Clerk of the District Court, Potter County, Tex."

The citation is indorsed:

"No. 709. In the District Court of Potter County, Texas, August Term, 1925. Citation, Potter County, J. S. Nugent v. W. S. Boydstun. Issued 29th day of July, 1925. C. L. Upham, District Clerk, Potter County, Texas."

Boydstun entered no appearance, and filed no answer, and on the 31st day of August, 1925, judgment was rendered against him in the district court of Carson county by default for the amount sued for.

[1, 2] R. S. art. 2022, provides that citation shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be, and command him to summon the defendant to appear and answer the plaintiff's petition at the next regular term of the court, stating the time and place of holding the same. The place of holding

the court stated in the citation is Amarillo, Tex., instead of the county seat of Carson county, and for this reason is fatally defective and is insufficient to sustain the judgment by default. It is uniformly held that this article which prescribes the requisites of a citation is mandatory and must be strictly followed in order to confer jurisdiction. The citation is teeming with errors. Upham was not the district clerk of Potter county, nor should the citation have been made returnable to the district court of Potter county, because the petition was not filed in that court as stated in the citation. Because of the defects in the citation, the judgment is reversed and the cause remanded. Crenshaw v. Hemple, 60 Tex. Civ. App. 385, 130 S. W. 731.

Reversed and remanded.