## BOULEVARD UNDERTAKING CO. v. BREAKER et al.

### No. 2109.

Court of Civil Appeals of Texas. Beaumont.
Sept. 26, 1931.

King, Wood & Morrow, of Houston, for appellant.

Barkley & Webb, of Houston, for appellees.

O'QUINN, J.

Appellees, Mrs. M. C. Breaker and her husband, M. C. Breaker, brought this suit in the district court of Harris county for the recovery of damages on account of personal injuries alleged to have been suffered by the said Mrs. M. C. Breaker, and for damages to their automobile, growing out of a collision between the automobile which appellee Mrs. Breaker was driving, and an automobile owned and operated by the appellant, Boulevard Undertaking Company, complaining of "the Boulevard Undertaking Company, a corporation, with its principal place of business at 6929 Harrisburg Boulevard, Houston, Texas, with J. V. Cassaboom of Harris County, Texas, agent, upon whom service of citation may be had, styled herein defendant," and alleging various acts of negligence on the part of the Boulevard Undertaking Company, and its agents, as grounds for recovery.

Citation was issued from the plaintiffs' petition on April 10, 1930, commanding the sheriff or any constable "of 61st County" to summon "Boulevard Undertaking Company, with its principal place of business at 6929 Harrisburg Boulevard, Houston, Texas, with J. V. Cassaboom of Harris County, Texas, agent." The sheriff made his return upon the citation to the effect that he received the writ on the 10th day of April, A. D. 1930, at 4 o'clock p. m., and executed the same in Houston, Harris county, Tex., on the 12th day of April, A. D. 1930, at 1:25 p. m. by summoning the Boulevard Undertaking Company, a corporation, by delivering to J. V. Cassaboom, "agent of the said Boulevard Undertaking Company," in person a true copy of the writ.

No answer was filed by the defendant, appellant, Boulevard Undertaking Company, and no appearance was made by it. On July 23, 1930, judgment was rendered in the cause upon the verdict of the jury duly impaneled, that plaintiffs, Mrs. M. C. Breaker and her husband, M. C. Breaker, appellees, have and recover of and from the Boulevard Undertaking Company, appellant, the sum of $2,500, with interest at the rate of 6 per cent. per annum, for which they might have execution; the judgment reciting that the defendant, appellant, in the cause, "though duly served with process, failed to appear and answer in this behalf but wholly made default."

Appellant, Boulevard Undertaking Company, filed its motion to set aside the default judgment, on July 30, 1930, and later filed its amended motion asking that said judgment be set aside and that it be granted a new trial on the grounds that: (1) The Boulevard Undertaking Company was never served with citation in the case, and that no citation was ever served upon any of its officers, or any one acting as its agent, and that no service of citation was ever had upon J. V. Cassaboom, the president of said corporation. (2) That if it should be mistaken in its allegation that no citation was ever served upon it in said cause, then that the officer's return upon the citation on file among the papers in the cause was insufficient to support the default judgment rendered in the case and was fatally defective, in that: (a) The plaintiffs' petition did not allege that J. V. Cassaboom was the president, secretary, treasurer, or local agent of the Boulevard Undertaking Company, the defendant corporation, but only alleged that he was the "agent" thereof; (b) that the sheriff's return upon the citation did not show that the same was served upon the president, secretary, or treasurer of the Boulevard Undertaking Company, defendant corporation, or upon a local agent of said cor-

poration, or that a copy of the citation was left by the officer at the principal office of said corporation during office hours, but shows only that service of the citation was upon the Boulevard Undertaking Company "by delivering to J. V. Cassaboom, agent of the said Boulevard Undertaking Company, in person, a true copy of this writ." The motion also set out at length various equitable grounds for the setting aside of the default judgment, which we do not deem it necessary to mention.

The motion was heard and overruled, and appellant brings this appeal.

█ Appellant presents four propositions urging the insufficiency of the citation and service thereof to support the default judgment. We shall discuss the fourth proposition only. It reads: "Fourth Proposition. The citation upon which the default judgment was rendered in this cause not being directed to the sheriff, or any constable of the county where the defendant below, Boulevard Undertaking Company, was alleged to reside, or to the officer who purported to serve the same, and who made his return thereon, the same was wholly insufficient to support the default judgment entered thereon, and the entry of such default judgment upon such citation constitutes fundamental error."

We shall not set out the whole of the citation. It began:

"The State of Texas, County of Harris

"In the District Court of Harris County, Harris Judicial District of Texas.

"The State of Texas:

"To the Sheriff or any Constable of 61st County, Greeting. You are hereby commanded to summon," etc.

Article 2022, R. S. 1925, requires, among other things, that "citations shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be, and command him to summon the defendant to appear and answer the plaintiff's petition at the next regular term of the court, stating the time and place of holding the same."

That statutes prescribing the requisites of process are mandatory, and must be substantially complied with, has been so continuously and uniformly held as to need no citations of authority. The article supra, prescribing the requisites of a citation, is mandatory and must be strictly followed to confer jurisdiction. The instant citation is not addressed to the sheriff or constable of any county—is the same as if nothing had been stated in the blank place in the citation where the name of the county should appear—and unquestionably a citation so issued and so served would not be sufficient to authorize a judgment by default. There is no question but that a ci-

tation in a civil suit must be directed to the sheriff or any constable of the county in which the defendant lives, and that only the officer living within the county to which citation is directed has the power to serve same. The service shown in the instant case was, in contemplation of law, no service. The court, therefore, had no jurisdiction of the defendant, and the judgment was consequently void.

What we have said renders it unnecessary for us to pass upon the other questions presented.

The judgment is reversed, and the cause remanded for another trial.