## In re KEEN'S ESTATE.

### KEEN v. KEEN et ux.

### No. 2628.

Court of Civil Appeals of Texas. Beaumont.

Dec. 4, 1934.

Morris, Clark & Darden, of Conroe, for appellant.

H. W. Carothers and Walter F. Brown, both of Houston, for appellees.

O'QUINN, Justice.

This suit originated in the county court of Montgomery county, Tex. D. D. Keen died in said county on March 25, 1933, and A. L. Johnson was appointed administrator of his estate. June 3, 1933, appellant filed her petition in the estate of D. D. Keen, claiming that she was the wife of the deceased, and that she was entitled to an allowance out of said estate of $1,000 per year for the maintenance of herself and minor child. Appellees; W. M. Keen and his wife, Oris L. Keen, the father and mother of said D. D. Keen, contested said application, denying that ap-

pellant was the widow of D. D. Keen, deceased, and denying that said appellant's name was Callie Keen, and also denying that deceased was the father of the child,' Robert Louis Cate, the four year old boy mentioned in appellant's application for allowance, wherefore said application should be denied. The county court granted an allowance of $300 based upon the finding that appellant was the common-law wife of the deceased. Appellees appealed the judgment to the district court of Montgomery county, where judgment was rendered denying appellant any allowance, finding that she was not the common-law wife of D. D. Keen, deceased. This appeal is from that judgment.

At the request of appellant, the trial court filed findings of fact and conclusions of law. There is also a statement of facts covering the evidence adduced on the trial, agreed to by the parties and approved by the court.

The record reflects that appellant and Louis Cate were married in the state of Arkansas on July 9, 1928, and lived together until April 22, 1932, when they separated; that the child, Robert Louis Cate, is the fruit of said marriage; that in July, 1932, appellant came to Texas, and at said time began living with the deceased, D. D. Keen, in Montgomery county, passing as his wife, and continued living with him until he died on May 25, 1933, from the effects of gunshot wounds at the hands of appellant; that on October 6, 1932, appellant filed suit in the chancery court of Garland county, Ark., against Louis Cate for divorce, and on December 28, 1932, a decree of divorce was rendered in said suit purporting to divorce Callie Cate from Louis Cate.

The laws of Arkansas, which were in evidence, required that a plaintiff, to obtain a divorce, must have resided in the state of Arkansas for two months next before filing the suit for divorce, and for three months before final judgment granting the divorce. The petition for divorce was filed on October 6, 1932, and the judgment of divorce was granted on December 28, 1932. Appellant testified that she came to Texas in July, 1932, and immediately began living with deceased, and that she continued at all times to live with him in Texas until his death on May 25, 1933; that all the time from July, 1932, until May 25, 1933, her home was in Texas. She testified that she went to Arkansas and spent about three weeks in September after she came to Texas and began living with deceased in July, 1932, and that she later again went to Arkansas for about one week. She testified:

"Q. How long did you stay in Texas when you came down in the latter part of July, 1932? A. Just a few weeks.

"Q. You stayed until sometime in September? A. Yes sir. I went back in September, along the first of September.

"Q. Were you living with D. D. Keen at that time? A. Yes sir.

"Q. And you were passing as his wife from July, 1932, until September, 1932? A. From then on out.

"Q. From then on out you were living with him and claiming to be his wife? A. Still do.

"Q. Beginning in July, 1932? A. Yes sir.

"Q. Now when did you come back to Texas after you left here? A. The best I remember I was down there about a month and he came after me.

"Q. You left about the first of September, 1932, and you came back about the first of October, 1932? A. Yes sir, or latter part of September. I don't remember exactly.

"Q. And you have been here ever since then? A. Except in April.

"Q. From the first of July, 1932 until April (May) 1932, (1933) you were living with him in Texas, with the exception of about a month in April? A. Yes sir.

"Q. From October 1, 1932, until the time he died you were living with him here in Montgomery County, and claiming to be his wife? A. From the time I met him until his death. However, while I was in Arkansas, Memphis or any other state, I was his wife.

"Q. And claimed to be living here? A. Absolutely."

Several witnesses testified that from about July, 1932, to May 25, 1933, appellant lived with the deceased, Keen, in Montgomery county, Tex., claimed to be his wife, and that deceased introduced her to his friends as his wife, and at all times held her out as his wife. The court concluded that the evidence was sufficient to establish that she was the common-law wife of deceased but for the fact that she at no time had the capacity to contract a common-law marriage, because all during the time she lived with deceased she was the wife of Louis Cate, not having been legally divorced from him, the chancery court of Arkansas not having jurisdiction to render the judgment of divorce.

A careful examination of the statement of facts shows the court's findings of fact abundantly supported. Appellant does not question this, but insists that the legal effect given by the court to the undisputed evidence

was error. This upon the ground that the Arkansas judgment of divorce introduced by appellant could not be collaterally attacked, invoking article 4, § 1, of the Constitution of the United States, which requires that each state shall give full faith and credit to the jurisdictional proceedings of the several states.

The findings of the trial court and its judgment thereon must be sustained. Each state has the inherent power to prescribe by legislative enactments regulations over the marriage relation, its formation and dissolution, as regards their own citizens. Marriage and divorce are matters of public concern, and are controlled by the laws of the state. For a court to render a valid judgment, it must have jurisdiction over the subject-matter and the parties. If the court does not have jurisdiction of the subject-matter or of the parties to the suit, any judgment it may render is void for want of jurisdiction. The requirements or status for suits for divorce prescribed by the state are mandatory, and must exist to confer jurisdiction on the courts to hear and determine such actions. A plaintiff filing suit for divorce, who does not possess the statutory requirements as to residency and citizenship, does not invoke the jurisdiction of the court to determine the matter.

The laws of Arkansas required that, before one could file suit in that state for divorce, he must have resided in the state two months next before filing the suit, and must have so resided for three months before final judgment granting the divorce. It is undisputed that at the time Mrs. Cate, appellant here, filed her suit for divorce, October 6, 1932, she had not resided in Arkansas for two months, but in fact was not, and for said time had not been, a resident of Arkansas at all, but was actually living with deceased in Texas as his wife. A like situation existed at the time the judgment of divorce was granted. That being so, the Arkansas court did not have jurisdiction of Mrs. Cate, and so was without jurisdiction to render the judgment of divorce.

A judgment of a foreign court is always open to impeachment on the ground of a want of jurisdiction over the cause or the parties. 34 C. J. 1168, § 1656. When a judgment recovered in one state is pleaded or presented in the courts of another state, either as a cause of action or a defense or as evidence, the party sought to be bound or affected by it may always impeach its validity, and escape its effect, by showing that the court that rendered it had no jurisdiction over the parties or the subject-matter of the suit. 34 C. J. 1142, § 1616. It is too well settled for controversy that article 4, § 1, of the Constitution of the United States, does not preclude a showing that a judgment of divorce in one state, when presented in another state, was void for want of jurisdiction in the court rendering the judgment. 15 Tex. Jur. p. 579; Jones v. Bartlett (Tex. Civ. App.) 189 S. W. 1107 (writ refused); Richmond v. Sangster (Tex. Civ. App.) 217 S. W. 723, 726 (writ refused); Hayes v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 254 S. W. 501 (writ refused); Bell v. Bell, 181 U. S. 175, 21 S. Ct. 551, 553, 45 L. Ed. 804; Streitwolf v. Streitwolf, 181 U. S. 179, 21 S. Ct. 553, 45 L. Ed. 807, 810; German Savings & Loan Society v. Dormitzer, 192 U. S. 125, 24 S. Ct. 221, 48 L. Ed. 373.

In Bell v. Bell, supra, Bell and his wife resided in the state of New York. Bell went to the state of Pennsylvania and filed suit for divorce. The laws of Pennsylvania required a residence in that state of twelve months next before filing petition for divorce. It was shown that ten weeks before filing his suit in Pennsylvania Bell under oath in another case stated his residence was in the state of New York. No evidence was offered that he had actually changed his residence. Judge Gray, in passing upon the validity of the divorce judgment in Pennsylvania, said: "Upon this record, therefore, the court in Pennsylvania had no jurisdiction of the husband's suit for divorce, because neither party had a domicil in Pennsylvania, and the decree of divorce was entitled to no faith and credit in New York or in any other state."

In the Dormitzer Case, supra, Judge Holmes, quoting from the syllabus, says: "A decree of divorce may be impeached collaterally in the courts of another state by proof that the court granting it had no jurisdiction because of the *plaintiff's want of domicil, even when the record purports to show such jurisdiction and the appearance of the other party.*" (Italics ours.)

Another reason why appellant's contention that full faith and credit must be given to the Arkansas divorce judgment must be overruled and the judgment of the trial court sustained is that it does not appear that the defendant in said suit was ever served with legal process to appear and answer said suit. What the laws of Arkansas are relative to the issuance and service of citation upon defendants was not shown. In the absence of proof to the contrary, it

must be presumed that they are the same as in Texas. If so, there was no service on the defendant in appellant's said divorce suit, and, he not having appeared, the Arkansas court was without jurisdiction to render the judgment, and said judgment is null and void.

Article 2022, R. S. 1925 of Texas, provides: "Citations shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be, and command him to summon the defendant to appear and answer the plaintiff's petition at the next regular term of the court, stating the time and place of holding the same. It shall state the date of the filing of the petition, its file number and the names of all the parties and the nature of the plaintiff's demand; but the nature of plaintiff's demand need not be stated in cases where by law it is required to accompany a citation with a certified copy of plaintiff's petition."

The provisions of this statute are mandatory, and must be strictly followed to confer jurisdiction. Boydstun v. Nugent (Tex. Civ. App.) 285 S. W. 695; Lipscomb v. McCart (Tex. Civ. App.) 295 S. W. 245; Boulevard Undertaking Co. v. Breaker (Tex. Civ. App.) 42 S.W.(2d) 451.

The citation in the divorce suit of appellant reads:

"The State of Arkansas, to the Sheriff of ————County: You are hereby commanded to Summons Louis Cate to answer in twenty days after the service of this Summons upon him, a complaint filed against him by Callie Cate in the Garland Chancery Court, and warn him that upon his failure to answer, the complaint will be taken as confessed. And you will make due return of this Summons within twenty days after the issuance thereof, to the June Term, 1932, of said court.

"Witness my hand and seal of said court, this 25th. day of November, 1932.
          "John E. Jones, Clerk
"[Seal]          By Carl Medlock, D. C."

The return on the summons reads:
"State of Arkansas, County of Craighead, SS.

"I have this 6 day of December, 1932, duly served the within summons by delivering a true copy thereof to Louis Cate as therein commanded.
          "W. Y. Nash, Sheriff
          "Service 75¢ Mileage $1.00."
"Filed this Dec. 28, 1932.
          "John E. Jones, Clerk
          "By D. W. Parker D. C."

This citation or summons is fatally defective because it does not comply with the provisions of article 2022, supra, in several particulars, especially:

(a) It is not directed to the sheriff or any constable of the county where the defendant was alleged to reside. Boulevard Undertaking Co. v. Breaker (Tex. Civ. App.) 42 S.W.(2d) 451.

(b) It is not directed to the sheriff of any county in the state of Arkansas. There could not be any such officer as the sheriff of———— county. Boulevard Undertaking Co. v. Breaker (Tex. Civ. App.) 42 S.W.(2d) 451.

(c) It commands the defendant to appear at an impossible date, for in that it commands him to appear and answer within twenty days after service of the summons, to the June term, 1932, of the court issuing the process. The process shows to have been issued on November 25, 1932, and to have been served on the defendant on December 6, 1932, and filed in the court on December 28, 1932. The date of the issuance of the summons, the date of its service and of its return are all after the expiration of the term of the court to which the same was returnable and at which the defendant was commanded to appear and the writ was therefore void. Spence v. Morris (Tex. Civ. App.) 28 S. W. 405; Ross v. Sechrist (Tex. Civ. App.) 275 S. W. 287; Roy Campbell & Co. v. Roots (Tex. Civ. App.) 60 S.W.(2d) 896; Moorhead v. Bank (Tex. Civ. App.) 62 S.W.(2d) 184. Moreover, the petition for divorce was not filed at the June term, 1932, of the court, but at the September term, 1932. The petition is headed:

"State of Arkansas, County of Garland, SS.
"Callie Cate, Plff. vs Louis Cate, Deft.
"In the Garland Chancery Court, September Term, 1932.
"Complaint in Equity."

It was indorsed:
"Cause No. 11370.
"In Chancery Court, September Term, 1932.
"Filed this 6th. day of October, 1932,
          "John E. Jones, Clerk,
          "By Carl Medlock, D. C."

So, the suit having been brought to the September term, 1932, process on same issuing to and commanding the defendant to appear at the June, 1932, term of the court, was absolutely void, and no valid judgment could be rendered upon same.

The judgment recites that the defendant, though duly served with process, wholly failed to appear and answer, and adjudged him to be in default. It thus plainly appears that the court had no jurisdiction of the

person of the defendant, and was without authority to render the judgment.

It is well settled that, to render a foreign decree of divorce entitled to recognition in another state, so far as the marriage relation is affected, jurisdiction of the person of the defendant in such divorce suit must in some legal way be acquired. The defendant in the judgment here involved not having been legally cited to appear and answer, and not having appeared or in any manner given the court jurisdiction of his person, the judgment rendered was void.

For the reasons discussed, the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.

WALKER, Chief Justice.

I concur in the affirmance on the ground that the defendant was not served "with legal process to appear and answer" the divorce suit.