## CITY OF CORPUS CHRISTI v. SCRUGGS.

### No. 9696.

Court of Civil Appeals of Texas. San Antonio.

Dec. 11, 1935.

Rehearing Denied Jan. 8, 1936.

Lewis H. Jones, Dean B. Kirkham, and John J. Pichinson, all of Corpus Christi, for plaintiff in error.

R. H. Mercer, of San Antonio, for defendant in error.

BOBBITT, Justice.

On August 3, 1934, defendant in error, George W. Scruggs, filed his petition in the district court of San Patricio county against plaintiff in error, city of Corpus Christi, for alleged breach of contract concerning lands in which both parties are interested, and which are situated in San Patricio county, and asking judgment against the city in the sum of $59,000. On the same day the district clerk of San Patricio county issued citation thereon, directed to "the Sheriff or any Constable of San Patricio County," commanding such officer or officers to summon the city of Corpus Christi, by serving the mayor thereof, to appear before the district court of San Patricio county and answer at the next regular term.

The record before us shows no action thereon or return by the officers to whom it was directed, but a recitation or return stating such citation was served upon the city of Corpus Christi, through delivery thereof to its mayor, William Shafer, together with a certified copy of the plaintiff's petition, by Paul Cox, "Sheriff of Nueces County, Texas."

The city of Corpus Christi did not in any way offer or file any answer in said cause; and on October 10, 1934, defendant in error obtained a default judgment against the city in the sum of $58,680, based on the return of such citation made by the sheriff of Nueces county.

There is no suggestion or contention in the record before us showing any effort on the part of defendant in error to collect on the alleged judgment or that the rights or interests of any other persons or parties have intervened or have been in any way affected thereby. Only one question is involved in this appeal, that of legal sufficiency of such pretended service of citation requiring plaintiff in error to answer and to support the default judgment entered herein.

Plaintiff in error takes the position that the default judgment is void, because, as he contends, the purported citation and the execution thereof, are wholly void, and that the trial court had no jurisdiction over defendant in the cause for lack of legal service; that the trial court erred in rendering such default judgment against the city.

The facts of this case are undisputed. The record clearly shows that citation herein was directed to the "Sheriff or any Constable of San Patricio County," for service upon defendant therein, plaintiff in error in this court. Such defendant was not and is not a resident, nor was it alleged in said petition to be a resident, of such county; on the other hand, the petition properly states that defendant, city of Corpus Christi, is located in another, Nueces county, and that service could be had upon such city by serving its mayor.

Articles 2021 and 2022, R. S. 1925, clearly set forth the requisites, and direct the manner of the service of citation, in order to require the party served to answer, and to confer jurisdiction upon the court in which the suit is filed, and out of which citation is directed to issue. Specifically, article 2022 provides, "Citations shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be," etc., and definitely directs other and additional requirements to confer jurisdiction on the court, out of which such process is issued, to require answer. Our courts have definitely and conclusively held that the above-quoted provisions of the statutes, as well

as other requirements in connection therewith, are mandatory, and, as a general rule, if not strictly complied with, the court acquires no jurisdiction over the party sought to be held to answer; furthermore, that a default judgment based upon a citation and service defective in the stated requirements, when such defect is apparent upon the face of the record, is void. It is plain, on the face of the record before us, that the requisite statute in the instant case was not complied with; and we therefore sustain plaintiff in error's proposition that the court erred in rendering the judgment herein by reason of the fact that the citation and the execution thereof are null and void. Articles 2021, 2022, R.S.1925; 25 Tex.Jur. pp. 572, 625, 633, 641, etc.; Levy v. Roper et al., 113 Tex. 356, 256 S.W. 251; Lipscomb v. McCart (Tex.Civ.App.) 295 S.W. 245; Boulevard Undertaking Co. v. Breaker (Tex. Civ.App.) 42 S.W.(2d) 451; Green v. White (Tex.Civ.App.) 32 S.W.(2d) 488, 489, and authorities therein cited; Keen v. Keen (Tex.Civ.App.) 77 S.W.(2d) 588.

It is true that in some of the cases cited by defendant in error the courts have held that, when the rights of other parties have intervened, over a long period of time, and where such parties have relied upon the integrity of a judgment, regular on its face, and where such parties would be injured and property rights disturbed, equity, under proper pleading and proof, may require that the judgment be respected, notwithstanding the fact of defective or insufficient service on parties to such judgment. As stated, however, this is a rule of equity which has been used to prevent wrongs and injuries to persons and to property rights under the particular facts of particular cases. In the instant case we have no such situation and no complaint that any other person has acted upon or relied upon the judgment herein or would in any way be injured through the requirement that the law be complied with, according to its plain terms relating to service of citation, to substantiate the judgment in question. Defendant in error is in no position to contend or suggest that such holding by this court is technical or that he has been in any manner or form injured, according to the record before us. He was charged with knowledge of the law which was necessary to be complied with to secure legal service to support a valid judgment; and it is undisputed herein that he failed to do so. It is no answer to the plain requisites of the statutes, compliance with which was necessary to confer jurisdiction upon the court, to enter the judgment in question, to say that defendant in error had notice of the pending suit.

Plaintiff in error was not served with citation, as clearly provided by law, as plainly shown on the face of the record before us; defendant in error is charged with knowledge thereof, and it would have been a simple matter for defendant in error to have had a lawful citation served upon plaintiff in error prior to his insistence upon the trial of the cause, or the entry of judgment. He did not follow the law. He had and still has, we assume, his legal remedy—to have citation legally served upon plaintiff in error. Equity follows the law. Under the facts before us in this record, there is no occasion to consider those questions or propositions based upon equitable principles as grounds for relief, because none such is applicable in the case at bar.

The citation and execution thereof being wholly void, plaintiff in error was not required by law to pay any attention to it, and the judgment based thereon, being likewise wholly void and not only voidable, which is plainly shown on the face of the record herein, it was not incumbent upon plaintiff in error to show any meritorious defense to the suit, in order to avoid its pretended effect. This appeal constitutes a direct attack upon the judgment in question; and all references to, and authorities cited concerning collateral attacks are inapplicable. 25 Tex.Jur. pp. 743–750, and authorities there cited.

Furthermore, the attack on the alleged judgment being direct and not collateral, and its invalidity appearing on the face of the record, R. L. House and L. M. Patterson, who allege that they have a definite share in the judgment, not being parties plaintiff to the suit, as filed in the district court, were not necessary defendants in error on this appeal, and we overrule their proposition in this regard.

In view of the foregoing, it is ordered that the judgment be reversed, and the cause remanded at the cost of defendant in error.

Reversed and remanded.