**Robert Howard HISLER et ux., Appellants,**

v.

**CHANNELVIEW BANK, Appellee.**

**No. 1406.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 2, 1976.

Rehearing Denied June 23, 1976.

Kenneth C. Kaye, League City, for appellants.

W. B. Irwin, Jr., Galena Park, for appellee.

COULSON, Justice.

Channelview Bank sued Robert and Edna Hisler in the District Court of Harris Coun-

ty for relief under the terms of a promissory note and security agreement executed by the Hislers and assigned to Channelview Bank. Default judgment was entered for Channelview by the trial court. The Hislers have brought this appeal by writ of error claiming that service was void as a matter of law. We reverse and remand.

The issue in this case is whether the citation was properly served in order to give the trial court jurisdiction of the matter. The citation was directed to Robert Howard Hisler and Edna Frances Hisler. The return of the citation shows on its face that personal service was obtained by a sheriff or deputy of Harris County at Anahuac, located in Chambers County. The Hislers did not appear and default judgment was entered against them.

 Texas Rule of Civil Procedure 103 provides that:

All process may be served by the sheriff or any constable of any county in which the party to be served is found, provided that no officer who is a party to or interested in the outcome of the suit shall serve any process therein.

Texas Rule of Civil Procedure 104 provides that:

If there is no officer qualified to serve the process in a particular suit in the county in which the same is to be executed, the judge of the court in which said cause is pending may enter an order in the cause directing that all process to be executed in said county shall be served by a resident citizen of such county.

. . .

It is well settled that for a valid service of civil citation the officer serving citation must be acting within the county wherein he is an officer. *Witt v. Kaufman & Kleaver,* 25 Tex. 384 (1860); *Boulevard Undertaking Co. v. Breaker,* 42 S.W.2d 451 (Tex. Civ.App., Beaumont 1931, no writ); 2 R. McDonald, Texas Civil Practice § 9.11 (1970). It is apparent that the Rules of Civil Procedure comport with former Article 2022 requiring service of citation to be performed by an officer of a county within which he has authority to act as an officer.

The service of citation being defective on its face, the default judgment entered by the trial court is subject to attack by writ of error.

Reversed and remanded.