

# THE ATTORNEY GENERAL
## OF TEXAS

October 19, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Charles D. Houston
District Attorney
One East Main
Bellville, Texas    77418

Opinion No. JM-810

Re:  Whether a constable is authorized to execute civil process outside his county and related questions

Dear Mr. Houston:

You have submitted the following questions concerning the duties of constables and deputy constables to serve civil process:

> 1.  Can a constable or deputy constable serve civil process:
>
> a.  Issued in his county and served in another county?
>
> b.  Issued in another county . . . and served in another county . . .?
>
> 2.  Does all the money received by a constable, paid deputy constable, unpaid deputy constable or reserve deputy constable, have to be turned in to the county treasurer of his county, regardless of where the process originates or is executed?
>
> 3.  Can a deputy constable act as a private process server?

We conclude that a constable or deputy constable may serve civil process in the county in which he is elected or appointed or in a county contiguous to that county. A constable or deputy constable must deposit all money received for serving citation with the county treasurer of his county regardless of where the citation originates or is served. A deputy constable authorized to serve citation pursuant to Rule 106(b) of the Texas Rules of Civil Procedure may not act as a private process server.

The first question is in two parts, both parts concerning the authority of a constable or deputy constable to serve civil process outside the county in which he holds office. Specifically, the inquiry is directed to the authority conferred upon these officers by the Texas Rules of Civil Procedure.

Rule 103 of the Texas Rules of Civil Procedure provides the following in pertinent part:

> All process may be served by the sheriff <u>or any constable of any county in which the party to be served is found</u>, or, if by mail, either of the county in which the case is pending or of the county in which the party to be served is found. . . . (Emphasis added.)

The courts have held that for a valid service of civil citation, the officer serving citation must be acting within the county in which he is an officer. <u>Hisler v. Channelview Bank</u>, 538 S.W.2d 200 (Tex. Civ. App. - Houston [14th Dist.] 1976, no writ), and authorities cited therein.

Section 86.021 of the Local Government Code (effective September 1, 1987) sets forth the general powers and duties of the constable:

> (a) A constable shall execute and return as provided by law each process, warrant, and precept that is directed to the constable and is delivered by a lawful officer.

> (b) <u>A constable may execute any civil or criminal process throughout the county in which the constable's precinct is located and in other locations as provided by the Code of Criminal Procedure or by any other law</u>.

> (c) The constable shall attend each justice court held in the precinct. (Emphasis added.)

Acts 1987, 70th Leg., ch. 149, at 1579. The emphasized provision was derived from article 6889, V.T.C.S., which was repealed simultaneously with the enactment of the Local Government Code. <u>Id.</u> at 2547.

Article 6889, however, was amended by the 70th Legislature to read as follows:

(a) Every constable may execute any process, civil or criminal, throughout his county and elsewhere, as may be provided for in the Code of Criminal Procedure, or other law.

(b) A constable expressly authorized by statute to perform an act or service, including the service of civil or criminal process, citation, notice, warrant, subpoena, or writ, may perform the act or service anywhere in the county in which the constable's precinct is located.

(c) <u>Notwithstanding the Texas Rules of Civil Procedure, all civil process may be served by a constable in his county or in a county contiguous to his county, except that a constable who is a party to or interested in the outcome of a suit may not serve any process related to the suit</u>. (Emphasis added.)

Acts 1987, 70th Leg., ch. 713, at 5179. The amendment of article 6889 became effective on September 1, 1987, despite the repeal and recodification of the act during the same legislative session:

(c) The repeal of a statute by a code does not affect an amendment, revision or reenactment of the statute by the same legislature that enacted the code. The amendment, revision, or reenactment is preserved and given effect as part of the code provision that revised the statute so amended, revised or reenacted.

(d) If any provision of a code conflicts with a statute enacted by the same legislature that enacted the code, the statute controls.

Gov't Code §311.031(c), (d). <u>See</u> Attorney General Opinion JM-761 (1987).

The amended version of article 6889 provides the answer to the first question. Accordingly, a constable or

deputy constable may serve civil process in  the county in which he is elected or appointed or in a county contiguous to that county.[1]

The second question is whether all  money received by a constable or deputy constable for  serving citation must be deposited with the county treasurer regardless of where the citation  originates or  is served.   The question  is prompted by a situation in which citation is  to be served in a  county  other than  the  county  from which  it  was issued.   The  citation is  delivered by  a private  person (usually the attorney  for the  party procuring the  cita- tion) to a  constable or  deputy constable  of the  county in which service  is  sought.   The  constable  or  deputy constable  is  paid  a  fee  for  serving  the  citation; apparently, the sum is not taxed and secured as  a cost of court.   It is suggested that under these circumstances the constable or deputy constable  may retain whatever  fee he receives from the  private person  for the performance  of this service.  We disagree.  It should be  noted here that the duty of a  constable to serve citations  is unaffected by  the  fact  that  the  citation  was  delivered  to  the constable by  the  attorney for  the  party procuring  the citation, rather than  by a  "lawful ·officer."  <u>Medlin  v. Seidemann</u>, 88 S.W. 250 (Tex. Civ. App. 1905, no writ).

Article XVI, section  61, of  the Texas  Constitution requires  the  commissioners  court  of  every  county  to compensate constables and  deputy constables  on a  salary basis.  <u>See</u> <u>Vondy v. Commissioners Court of Uvalde County</u>, 620 S.W.2d 104, 108 (Tex. 1981).  Section 61 also provides the following in pertinent part:

---

1.  Rule 103 of the Texas Rules  of Civil Procedure, which suggests that  a constable's  jurisdiction to  serve process does not extend beyond the borders  of his county, was recently amended by the Texas Supreme Court to make it clear that  sheriffs  and  constables  may  serve  process outside their  county.  The amended  rule,  which  takes effect January 1,  1988, includes  the following  relevant language:  "Citation and  other notices  may be  served  by (1) any sheriff or constable or other person authorized by law or,  (2) by any  person authorized by written  order of the court who  is not  less than  eighteen years of  age." Order of  March  10, 1987,  adopting  amendments to  Texas Rules of Civil Procedure,  reprinted in <u>The  Texas Lawyer</u>, Aug. 3, 1987, at 16-17.

> All fees earned by district, county and precinct officers shall be paid into the county treasury where earned for the account of the proper fund, provided that fees incurred by the State, county and any municipality, or in case where a pauper's oath is filed, shall be paid into the county treasury when collected and provided that where any officer is compensated wholly on a fee basis such fees may be retained by such officer or paid into the treasury of the county as the Commissioners Court may direct.

Section 154.003 of the Local Government Code requires district, county, and precinct officers who are paid on a salary basis to charge and collect all fees for official services and to dispose of the collected money as provided by subchapter B of chapter 113 of the code. Section 113.021 requires all fees belonging to the county to be deposited with the county treasurer in accordance with any applicable procedures prescribed by the county auditor under either section 112.001 or section 112.002 of the code. Accordingly, all fees collected by a constable or deputy constable for the performance of an official duty must be deposited with the county treasurer.

We have been informed that a number of deputy constables engaged in the practices described above justify the retention of fees on the theory that since the citation is delivered to the deputy by a person other than the clerk of the court, the deputy is acting as a private process server. Thus, you ask whether a deputy constable may act as a private process server.

Rule 106 of the Texas Rules of Civil Procedure provides the following in part:

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any officer authorized by Rule 103 by
>
> > (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

> (2) mailing to the defendant by registered or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

Rule 103 authorizes service of citation by sheriffs, constables and, in limited circumstances, clerks of the court. Rule 106 also provides the following:

> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>
> > (1) by an officer or by any disinterested adult named in the court's order by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
> >
> > (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

The courts have construed these rules to require an officer authorized to serve process by Rule 103 to attempt service by one of the methods provided in Rule 106(a)(1) and (2) <u>before</u> the trial court may appoint a private process server pursuant to Rule 106(b). <u>Lawyer's Civil Process, Inc. v. State ex rel. Vines</u>, 690 S.W.2d 939 (Tex. App. - Dallas 1985, no writ). It is apparent, then, that a deputy constable serving a citation delivered to him in the circumstances described above is not acting as a private process server. Furthermore, because we believe a deputy constable appointed pursuant to Rule 106(b) is under a legal duty to serve citation, he does not act as a "private" process server.

Rule 106(b) permits the trial court, upon a motion and affidavit stating the required facts, to authorize service "by an officer or by any disinterested adult named in the court's order." Tex. R. Civ. Proc. 106(b)(1) (emphasis added). Rule 105 emphatically states the duty of the officer to whom process is delivered:

> The officer to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay. (Emphasis added.)

The courts characterize as mandatory the duty of sheriffs and constables to serve all writs and processes presented to them. Garcia v. Gutierrez, 697 S.W.2d 758, 759 (Tex. App. - Corpus Christi 1985, no writ); Lawyer's Civil Process, Inc. v. State ex rel. Vines, supra. See generally Attorney General Opinion Nos. H-595 (1971); S-71 (1953). Accordingly, we conclude that a deputy constable authorized to serve citation pursuant to Rule 106(b) does not act as a private process server, but is under a legal duty to serve citation.

## S U M M A R Y

A constable or deputy constable may serve civil process in the county in which he is elected or appointed or a county contiguous to that county. Acts 1987, 70th Leg., ch. 713, at 5179 (amending article 6889, V.T.C.S.). All money received by a constable or deputy constable for serving citation must be deposited with the county treasurer of his county. A deputy constable authorized to serve citation pursuant to Rule 106(b) of the Texas Rules of Civil Procedure does not act as a private process server, but is under a legal duty to serve citation.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General