Argued January 13, reversed February 8, rehearing denied March 8, 1927.

## HILDEGARDE LEVINE *v.* DAVID LEVINE.

(252 Pac. 972.)

**Divorce—Divorced Wife Could Recover on Foreign Alimony Judgment Made Final by Adjudication as to Arrears in Installments (Const. U. S., Art. IV, § 1).**

1. Divorced wife who secured alimony judgment in foreign state could, after rendition of decree in foreign court fixing amount due, recover on foreign decree, as such decree was protected by full faith and credit clause of federal Constitution (Art. IV, § 1).

---

1. See 1 R. C. L. 957.

Courts—Decision Which has Become Law of Case Binds Courts.

2.   Decision which has become law of case is binding, not only on parties but on courts of state.

Pleading—Sufficiency of Complaint on Demurrer is Determined Solely by Allegations Thereof.

3.   Correctness of ruling on demurrer to complaint must be determined by allegations of complaint, and not by defensive matter which may be put in issue by answer.

Courts, 15 C. J., p. 961, n. 36.
Divorce, 19 C. J., p. 362, n. 45, p. 367, n. 37.

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.

REVERSED.   REHEARING DENIED.

For appellant there was a brief over the names of *Messrs. Joseph, Haney & Littlefield* and *Mr. C. H. Greene,* with an oral argument by *Mr. Greene.*

For respondent there was a brief and oral argument by *Mr. L. E. Schmitt.*

RAND, J.—On October 22, 1913, by a decree of the District Court of the State of Minnesota for Hennepin County, plaintiff was granted an absolute divorce from her husband, the defendant herein, and he was required to pay in future installments the sum of twenty-five dollars per month for the care and maintenance of their minor child.   Without having paid any of said installments, defendant removed from the State of Minnesota, and became a resident of this state.   In 1918, plaintiff commenced an action in this state on said decree, to recover a judgment for the amount of the then past due and unpaid installments and obtained a judgment for said amount.   That

2.   See R. C. L. 224.

judgment was reversed upon appeal, *Levine* v. *Levine,* 95 Or. 94 (187 Pac. 609), where it was held that an action brought to recover judgment upon a decree rendered in a sister state which provides for the payment of future installments cannot be maintained in this state to recover "installments which have accrued after the date of the rendition of the decree until the Minnesota court which granted the original decree adjudicates the amount of the arrears and by such adjudication transforms the accrued installments into a fixed sum payable presently." In conformity to these directions, plaintiff later filed her petition in the Minnesota court praying for an adjudication of the amount of the installments then past due and unpaid, and in pursuance thereof on August 14, 1920, obtained an adjudication by that court that the sum of $1,891 was then due and unpaid to plaintiff under its former decree. After having obtained said adjudication of the amount of the installments which were then past due and unpaid, she commenced this action to recover that amount from the defendant, basing her right thereto upon said original decree and the supplemental decree or judgment entered in the Minnesota court. Defendant demurred to the complaint upon the ground that the Minnesota court had no jurisdiction to make an adjudication of the amount then past due and unpaid under its former decree. The demurrer was sustained, and plaintiff declining to plead further, a judgment was entered dismissing the action. The case is here upon an appeal from the order sustaining the demurrer and dismissing the action.

1–3. In its former opinion, a majority of the court were of the opinion that the decree of the Minnesota court providing for the payment of future install-

ments in a divorce suit was not, as to such future installments, a final decree, and pointed out the manner by which the plaintiff could have the matter finally determined in the Minnesota court so as to entitle her to maintain an action upon the decree in this state for the recovery thereof. That decision has become the law of the case and is binding, not only upon the parties, but upon the courts of this state. The decree of the Minnesota court adjudicating the amount which plaintiff was entitled to recover from the defendant under its former decree, is protected by the full faith and credit clause of the federal Constitution. The facts alleged in the complaint are sufficient, if sustained by proof, to entitle plaintiff to recover judgment for the amount adjudicated by the Minnesota court. The case is here upon a ruling upon the demurrer to the complaint, and the correctness of the ruling is to be determined by the allegations of the complaint, and not by any defensive matter, if any such exists, that may be put in issue by the answer. Since the complaint alleges all of the facts essential to a recovery by plaintiff, the demurrer should have been overruled. The judgment will therefore be reversed and the cause remanded, with directions to overrule the demurrer.

REVERSED AND REMANDED, WITH DIRECTIONS.
REHEARING DENIED.

BURNETT, C. J., and BROWN and BEAN, JJ., concur.