CHRISTINE S. DADMUN *vs.* ROYAL F. DADMUN.

Suffolk.    February 2, 1932. — May 19, 1932.

Present: RUGG, C.J., WAIT, SANDERSON, & FIELD, JJ.

*Judgment,* Foreign judgment. *Evidence,* Of foreign law. *Husband and Wife,* Separate maintenance. *Practice, Civil,* Findings by judge.

Where, in an action in the State of New York by a wife against her husband for separation and separate maintenance, the husband appeared and a decree in the wife's favor for separation, with an order for weekly payments of alimony, was entered, and subsequently, upon application by the wife without notice to the husband, a judgment was entered in favor of the wife in a certain sum for alimony in arrears; and it appeared that no notice of such application was required by the law of New York, it was *held,* in an action at law in this Commonwealth by the wife against the husband upon such judgment, no question being raised as to the character of the proceeding here, that the proceedings in New York upon such application were incidental to the original action and that the judgment should be enforced here; and a finding for the plaintiff was proper.

The action above described was heard without a jury by a judge who made the finding as to the law of New York regarding notice upon the authority of decisions of courts of New York. At the argument before this court upon a report by the trial judge, no authoritative decision of those courts nor controlling statute of New York requiring a contrary finding was called to this court's attention, and it was *held,* that

(1) There was nothing in St. 1926, c. 168, which made it the duty of this court to inquire further with regard to the law of New York;

(2) The finding was not clearly wrong and must stand.

CONTRACT. Writ in the Municipal Court of the City of Boston dated May 1, 1931.

Upon removal to the Superior Court, the action was

heard by *Morton*, J., without a jury. Material findings by the judge are stated in the opinion. The report states: "I find and rule upon those facts and upon the New York decisions in evidence before me that the New York law does not require notice in view of said facts. I find for the plaintiff in the amount of $605.19. I report the case to the Supreme Judicial Court upon agreement of parties that if my rulings are correct, judgment shall be entered for the plaintiff for $605.19; otherwise judgment for defendant."

No other question than that stated above was submitted by the report for determination by this court or was argued by the parties.

*E. J. Brandon*, for the defendant.

*F. X. Daly*, for the plaintiff.

WAIT, J. The plaintiff brought suit in the Municipal Court of the City of Boston upon a judgment of the Supreme Court of the State of New York. The case was removed to the Superior Court, where, after a hearing upon stipulated and agreed facts, finding was made for the plaintiff. It is before us upon a report of the trial judge.

The material facts follow. The Supreme Court of the State of New York has general jurisdiction in matrimonial causes. The plaintiff, a resident of New York, brought suit in that court for separation and separate maintenance against the defendant, a resident of Massachusetts. He was served personally in that action in New York, appeared generally by attorney, and made answer. After hearing, the court entered a decree of separation on the ground of desertion and nonsupport, and ordered payment of alimony at a fixed sum per week. Counsel for defendant assented to this decree. The defendant made payments under the decree up to February 27, 1931. On April 30, 1931, the plaintiff applied to the court for an order to the clerk to enter a money judgment in the action in favor of the plaintiff and against the defendant for arrears of alimony due and unpaid. After hearing on affidavits of the plaintiff and her attorney, on April 30, 1931, judgment as follows was entered: "Adjudged, that the Plaintiff Christine S. Dadmun recover of the Defendant Royal F. Dadmun the sum

of five hundred eighty-seven dollars and 57/100 ($587.57) and that the plaintiff have execution therefor." No service or notice of the application for this judgment was made on the defendant before its rendition. This is the judgment on which this suit is brought. The judge found the facts stated to be true. He found and ruled upon those facts and upon decisions of the courts of New York in evidence before him that the law of New York did not require notice in view of the facts. The defendant contends there was error in giving full faith and credit to the New York judgment, and in the ruling and finding as to the requirement of notice by the law of New York. Neither contention is sound.

As was said in *Wells* v. *Wells*, 209 Mass. 282, 288, "final decrees for the payment of ascertained sums of money constituting a debt of record . . . are entitled to full faith and credit in every State and may be enforced by suit in the same way as any other judgments or decrees . . . a decree for the payment of a fixed sum of money found to. be already due and payable to a wife for the past support of herself and her children is to be regarded as a final decree, although an order for future payments as a provision for future support, being ordinarily liable to modification at any time, is subject to the control of the court which made the order, and so is not a final order for the payment of a fixed sum." See the cases there cited. *Page* v. *Page*, 189 Mass. 85. *Sistare* v. *Sistare*, 218 U. S. 1. *Wells* v. *Wells* further decided (page 290) that where the proceedings resulting in the judgment challenged are not new and independent proceedings but are incidental to the original suit of which the defendant had had due notice and in which he had entered an appearance, it is not necessary that personal service be made unless required by the law of the State where the judgment was rendered. The law so stated was followed in *Taylor* v. *Stowe*, 218 Mass. 248, and in *White* v. *White*, 233 Mass. 39, and judgments, based upon motions in original proceedings resulting in final orders for payment of stated sums found then to be due and unpaid, were enforced although no new service or notice had been made or given. The proceedings in New

York manifestly were incidental to the original suit. They were not new and independent. *Galusha* v. *Galusha,* 138 N. Y. 272, 281. *Lynde* v. *Lynde,* 162 N. Y. 405.

There was evidence that, as the judge found, the law of New York is that new notice to the defendant was not required. No authoritative decision of the courts of that State and no controlling statute of the State has been called to our attention which requires a different finding. Nothing in St. 1926, c. 168, relating to the laws of other jurisdictions makes it our duty to inquire further with regard to the law of New York. *Lennon* v. *Cohen,* 264 Mass. 414, 420. *Richards* v. *Richards,* 270 Mass. 113, 117. *Seemann* v. *Eneix,* 272 Mass. 189, 194–196. The finding of the judge is not clearly wrong, and is supported by *dicta* or decisions of courts of New York. See *Thayer* v. *Thayer,* 145 App. Div. (N. Y.) 268; *White* v. *White,* 224 App. Div. (N. Y.) 355, 356; *Jacobson* v. *Jacobson,* 85 Misc. (N. Y.) 253, 255; *Weingarten* v. *Weingarten,* 133 Misc. (N. Y.) 681, 684; *Lynde* v. *Lynde,* 162 N. Y. 405, 414, affirmed in 181 U. S. 183. It follows that the rulings of the judge were correct and, pursuant to the terms of the report, judgment is to enter for the plaintiff for $605.19.

*So ordered.*