DOROTHY R. RUMPF V. WILLIAM H. RUMPF.

No. A-3162. Decided October 3, 1951.
(242 S. W., 2d Series, 416.)

476

*Edward C. Fritz,* of Dallas, for petitioner.

The Court of Civil Appeals erred in failing to give full faith and credit to the judgments of the Minnesota court, and thus violated Article IV, section 1 of the Constitution of the United States. Hastings v. Bushong, 252 S.W. 246, error dismissed; Fauntleroy v. Lum, 210 U.S. 230, 28 Sup. Ct. 641, 52 L. Ed. ·1039; Lockman v. Lockman, 220 N. C. 95, 16 S. E. 2d 670.

*Palmer & Rochelle,* and *Philip I. Palmer,* all of Dallas, for respondent.

The Court of Civil Appeals properly held that the judgments by the Minnesota court were not final and therefore not enforcible under the full faith and credit clause of the Constitution of the United States, and therefore not entitled to enforcement by the Texas courts under the rule of comity where the same relief sought could not have been awarded under our statutes and decisions. Ostrander v. Ostrander, 198 Minn. 207, 252 N. W. 549; Criteser v. Gaffey, Com. App., 222 S.W. 193; Hedtke v. Hedtke, 112 Texas 404, 248 S. W. 21.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

The question presented is whether the district court of Dallas County, Texas, in this suit by petitioner against respondent, should have given full faith and credit pursuant to Section 1 of Article IV of the Constitution of the United States, to two supplemental judgments rendered in petitioner's favor against respondent by a district court of the State of Minnesota for $2700.00 and $2100.00, representing the amounts of accrued and unpaid installments of $150.00 per month theretofore adjudged

to her as alimony and for support of her children by the Minnesota court.

The district court's judgment that petitioner take nothing by her suit was affirmed by the Court of Civil Appeals, with a dissenting opinion by Chief Justice Bond. The majority opinion holds that the supplemental judgments were subject to review and modification by the court which rendered them and that for that reason they are not enforceable under the full faith and credit clause. 237 S. W. 2d 669.

After careful consideration of the record, the briefs and the authorities, we have reached the same conclusion as that expressed by the dissenting opinion, which is that the two judgments on which this suit is brought should be enforced in this state under the full faith and credit clause of the Constitution of the United States.

On March 29, 1943, a district court of Minnesota, in petitioner's suit for divorce against respondent, rendered judgment in her favor for divorce and for $150.00 per month until the further order of the court for alimony and support of her minor children, the custody of whom was awarded to her. Both parties were at that time residents of the State of Minnesota, and respondent was personally served with process in the suit and appeared in person and by attorney. In the year 1944 respondent left Minnesota and since that time has resided in Dallas, Texas.

In 1948 petitioner filed in the district court of Minnesota in which the original judgment had been rendered a motion that the accrued and unpaid installments of alimony and child support be reduced to judgment and procured personal service on respondent in Dallas County, Texas, of a notice to appear and show cause why the judgment sought should not be rendered, and on October 4, 1948, more than eight days after the service of the notice, the Minnesota court heard the motion, rendered judgment for petitioner against respondent in the sum of $2700.00, and ordered that execution issue forthwith to effect payment of the judgment. On January 14, 1950, like supplement judgment for $2100.00 for further accumulated and unpaid installments were rendered by the same court in favor of petitioner against respondent on another motion and on personal service of notice as on the first motion. No payments have been made on either of the supplemental judgments and there has been no appeal from and no modification of any of the three judgments. This suit was filed by petitioner for recovery on

the two supplemental judgments rendered by the Minnesota court.

■ This Court in a recent decision, after finding that under the holding of the Supreme Court of Idaho the power to modify installments of alimony and child support is prospective and not retroactive, held that the right to matured installments awarded by an Idaho court is protected by the full faith and credit clause, and that judgment should be rendered in the suit in this state on the original Idaho judgment for the amount of the matured and unpaid installments. Gard v. Gard, 150 Texas 347, 241 S. W. 2d 618. In so holding we followed and applied the general rule thus stated in Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 910-911:

"Generally speaking, where a decree is rendered for alimony and is made payable in future installments, the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments, since * * * 'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.' " It may be observed that in Gard v. Gard there had been no judgment of the court of the foreign state, as in the instant case, converting accrued installments into a judgment for a definite sum presently payable. The decision was as to the finality of the original Idaho judgment with respect to accrued installments.

■ Respondent's contention, sustained by the Court of Civil Appeals, is that the two supplemental judgments are wanting in finality because the Minnesota court, in Sivertsen v. Sivertsen, 198 Minn. 207, 269 N. W. 413, has construed its statute, Section 518.23 of the Revised Statutes of Minnesota, as giving the court continuing power to modify the alimony part of a divorce decree and as making that power applicable to accrued installments as well as to those that have not accrued. Respondent would bring this case within the second of the two rules stated in Sistare v. Sistare, which is that the right to accrued installments of alimony does not become absolute at their maturity "where, by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no application to annul or modify the

decree in respect to alimony had been made prior to the install-ments becoming due." Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 911. The construction given by the Minnesota court to Section 518.23 of the Revised Statutes of that state appears to be incorrect, in view of the very general terms of the statute, with no expression of an intention to give the power to revoke or modify past due installments. It disre-gards the rule that every reasonable implication must be re-sorted to against the existenct of such power. Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 912; Barber v. Bar-ber, 323 U. S. 77, 65 Sup. Ct. 137, 89 L. Ed. 82, 85, 157 A. L. R. 163; Holton v. Holton, 153 Minn. 346, 190 N. W. 542, 41 A.L.R. 1415. However, we are compelled to accept the Minnesota court's construction of the statute of that state.

The case before us is not a suit for recovery of past due installments under the original judgment. It is for recovery on two supplemental judgments, each of which determined the amount of installments past due and unpaid, and awarded petitioner recovery of that amount and ordered that execution issue forthwith to effect payment of the judgment. The ques-tion as to the finality of the supplemental judgments is a dif-ferent question from that of the finality of past due install-ments awarded by an original decree of divorce that have not been reduced to a judgment for a sum certain and made presently payable.

■ The opinion of the Court of Civil Appeals expresses doubt as to the authority of the Minnesota court to render the sup-plemental or reduction judgments. We find in the statutes of that state no express provision for the rendition of such judg-ments, but in our opinion there is sufficient support for the practice in the provisions of Sections 518.22 and 518.23 of the Minnesota statutes, which authorize the court from time to time on the petition of either of the parties to revise and alter the order or decree respecting the amount of alimony or the allowance for child support, and authorize enforcement by exe-cution. The Minnesota decisions give approval to the rendition of such supplemental or enforcement judgments. Kumlin v. Kumlin, 200 Minn. 26, 273 N. W. 253; Daw v. Daw, 212 Minn. 507, 4 N. W. 2d 313; see also Levine v. Levine, 95 Ore. 94, 187 Pac. 609, Id. 121 Ore. 44, 252 Pac. 972; Holton v. Holton, 153 Minn. 346, 190 N. W. 542, 41 A. L. R. 1415.

The motions filed by petitioner and the two supplemental judgments were not the institution of new suits or the rendition

of judgments in new suits. They were rather proceedings incident to the original suit in which respondent had entered appearance. They were filed to obtain the enforcement of a liability already adjudged by the ascertainment of the total of the amounts due under that liability and the ordering of executions to effect payment of those amounts. Rice v. Rice, 213 Ark. 981, 214 S. W. 2d 235; Dadmun v. Dadmun, 279 Mass. 217, 181 N. E. 264. Respondent in his briefs does not question the validity of the supplemental judgments or the sufficiency of the service of the notices on him prior to the rendition of the judgments. He relies on his contention that the Minnesota court had the authority to cancel or modify past due installments even after they had been reduced to judgments and executions ordered to enforce them, and that for that reason the judgments were not final. In our opinion the Minnesota court had authority to render the supplemental judgments.

4  The majority rule, which we believe is the better rule, as to finality of the supplemental judgments and their enforcement under the full faith and credit clause, is stated as follows by the annotator in 157 A.L.R. pp. 170, 181:

"Even though the decree for alimony is, by the law of the state where rendered, subject to modification either as to installments to accrue or as to installments already accrued, if before any modification is made thereof, the accrued installments are reduced to a judgment of the court rendering the original decree of alimony, the second judgment is entitled to recognition in the courts of the forum under the full faith and credit provision."

The text of American Jurisprudence contains substantially the same statement. 17 Am. Jur. p. 577, Sec. 762, p. 538, Sec. 708. See also: Holton v. Holton, 153 Minn. 346, 190 N. W. 542, 41 A.L.R. 1415; Levine v. Levine, 121 Ore. 44, 252 Pac. 972; Dadmun v. Dadmun, 279 Mass. 217, 181 N. E. 264; Rice v. Rice, 213 Ark. 981, 214 S. W. 2d 235; Note 41 A. L. R. pp. 1419, 1422.

In Barber v. Barber, 323 U. S. 77, 65 Sup. Ct. 137, 89 L. Ed. 82, 157 A. L. R. 163, the court deemed it unnecessary to consider the very question before us for decision, because after examination of the North Carolina statute and decisions it could not say that the North Carolina law permitted the modification or revocation of past due installments of alimony. That suit, filed in a Tennessee court (180 Tenn. 353, 175 S.W. 2d 324) for the enforcement of a North Carolina judgment, was not a suit on the original decree but, like the case before us,

was on a money judgment rendered by a North Carolina court on the wife's motion for alimony already due and owing to her, with the ordering of execution to enforce its payment. Several times in the opinion the Supreme Court of the United States emphasized the fact that the judgment on which the suit was brought was an unconditional adjudication of the petitioner's right to recover a certain sum of money and that it ordered execution to issue. It was held that the judgment was prima facie evidence of the jurisdiction of the court to render it and of the right which it purported to adjudicate, and that it was entitled to full faith and credit, the respondent not having overcome the prima facie validity and finality of the judgment.

■ The judgments on which this suit is brought are likewise unconditional adjudications in petitioner's favor against respondent for definite amounts due and owing to her, and both judgments provide that execution issue forthwith to effect payment. They are valid and by their terms they are final, and we believe the courts of this state should give effect to them by awarding to petitioner the same judgment that the Minnesota court gave her.

Respondent relies on Conklin v. Conklin, 223 Minn. 449, 27 N. W. 2d 275, 6 A.L.R. 2d 1274, as sufficient authority to deny finality to the two supplemental judgments. In that case the plaintiff obtained a divorce from the defendant and the decree, dated April 22, 1926, provided for alimony of $100.00 per month. The defendant made payments until January 5, 1936, and none thereafter. In January, 1946, the plaintiff moved the court "to have the original judgment docketed against the defendant, representing the arrears plus interest, which amounted to some $7732.62." "Judgment for this amount was docketed January 5, 1946." The opinion states that the plaintiff had failed to docket the 1926 decree. On February 7, 1946, the defendant moved to vacate the judgment docketed on January 5, 1946, and requested that he be relieved of alimony payments from and after January 5, 1936. Evidence in the form of affidavits was submitted and the court vacated the judgment which had been entered of January 5, 1946, and modified the judgment of April 22, 1926, so as to require that no payments of alimony be made from and after January 5, 1936. The opinion of the Supreme Court of Minnesota, in sustaining the action of the trial court, cited another opinion of that court as holding that the district court has power to cancel accrued alimony installments, examined the evidence and held that the trial court did not abuse its discretion in relieving the defendant from the payment of alimony after January 5, 1936.

Petitioner in her application for writ of error argues that the action of the trial court in vacating the judgment docketed on January 5, 1946, in the Conklin case was nothing more than the granting of a motion for a new trial, pointing out that the motion to vacate was filed thirty-three days after the judgment was docketed, which, she submits, was well within the time allowed by the Minnesota statutes for the filing of motions to vacate judgment or obtain a new trial. She argues that for this reason the Conklin case is not authority that a Minnesota judgment in final form for accrued alimony can be set aside at any time. Respondent answers that the Supreme Court of Minnesota did not treat the motion to vacate the docketed judgment as a motion for new trial but sustained the granting of the motion on the broad ground that the district courts in Minnesota have full authority at any time to set aside accrued alimony installments.

The opinion in the Conklin case is unsatisfactory. It does not set out the terms of the judgment docketed on January 5, 1946. It does not show that the defendant was served with notice of the motion. There is nothing in the opinion showing that the docketed judgment was in the form of a final judgment, and it is not stated that it provided for the issuance of execution. The court seems to have treated the docketed judgment as if it were merely the docketing or entry of the original judgment. The opinion describes the plaintiff's motion as a motion to have the original judgment docketed, and it refers to the fact that the plaintiff had failed to docket the 1926 decree. The opinion contains no discussion of the question whether a judgment in final form with provision for the issuance of execution like the supplemental judgments in this case may be modified or cancelled at any time by a district court in Minnesota. It discusses the question of finality merely by repeating the settled rule of that state that the district court has power to cancel accrued alimony installments. The case, in our opinion, is not authority that the supplemental judgments on which this suit is brought are not final and that they are not protected by the full faith and credit clause. It is not sufficient to overcome the prima facie finality of those judgments.

The judgments of the district court and the Court of Civil Appeals are reversed and judgment is here rendered for petitioner against respondent for $4800.00, with interest thereon from this date at six per cent. per annum.

Opinion delivered Oct. 3, 1951.

No rehearing filed.