Fred J. CARR, Appellant,

v.

Beda CARR, Appellee.

No. 6392.

Court of Civil Appeals of Texas.

Amarillo.

April 12, 1954.

Merchant & Fitzjarrald, Amarillo, for appellant.

Harris E. Lofthus, Amarillo, for appellee.

MARTIN, Justice.

Appellee, Beda Carr, as plaintiff in the trial court brought an action in the nature of a suit for a declaratory judgment in which suit she sought to determine the validity of a divorce decree rendered in the State of Nevada in favor of appellant, Fred J. Carr, defendant in the trial court. Appellee's sole attack on the validity of the Nevada judgment of divorce is that the court did not have jurisdiction of the divorce action in that appellant was not a bona fide resident of the State of Nevada at the time of filing the suit for divorce and rendition of judgment therein. From a judgment in effect invalidating the Nevada decree of divorce by declaring appellant and appellee to be husband and wife, appellant has perfected an appeal.

Appellant's first point is that the trial court erred in entering judgment for appellee and thereby failing to give full faith and credit to the divorce judgment rendered in the State of Nevada. Appellant's second point asserts there is no evidence to support the judgment of the trial court and his third point asserts that the evidence is insufficient to support the action of the court in setting aside the Nevada District Court judgment granting a divorce in favor of appellant and against appellee.

The evidence introduced by appellee on the issue of appellant's residence in Nevada was presented in a somewhat negative manner. Appellee sought to prove that appellant was a resident of Randall County, Texas, at the time of the rendition of the divorce decree in Nevada and therefore could not have been a bona fide resident of the State of Nevada at such time. Her case is predicated on the legal principle expressed in Richmond v. Sangster, Tex.Civ. App., 217 S.W. 723, 729, writ refused:

"The rule in such cases is that merely going to a state for the purpose of securing a divorce and residing there the required length of time, but without any intention of remaining there permanently or indefinitely, is not sufficient to give jurisdiction in divorce proceedings."

This principle is also recognized in Burk v. Burk, Tex.Civ.App., 255 S.W.2d 908, but it must be recognized that appellee is likewise bound by the following rule expressed in Richmond v. Sangster, supra, 217 S.W. at page 729: "It is further held that the intention, coupled with the acts of the party, must both be considered"

■ There is no evidence in this record revealing the intention of appellant as to a residence in either the State of Nevada or in Randall County, Texas. There is no evidence in this record revealing that appellant had an established residence in Randall County or in the State of Texas at the time of the rendition of the Nevada decree on July 1, 1953. The appellee was placed on the stand as a witness and testified on direct examination that she had never heard from the appellant at all, directly or indirectly, and that she did not know where he resided. She further testified that she did not know whether or not appellant was a resident of Randall County, Texas. In this state of the record, the attorney for appellee was sworn and testified that he had seen the appellant at an address in Randall County at least fifteen times since the rendition of the divorce in Nevada. Such attorney testified he had also seen appellant at such address prior to the refusal of a divorce in Randall County the preceding spring. He testified on cross-examination that appellant had a friend who lived at the address where he had seen appellant on several occasions. This evidence is wholly insufficient to show a fixed place of residence of the appellant in Randall County. It is noteworthy that this witness did not know whether appellant worked in New Mexico, Oklahoma, Arizona, or Nevada. The record reveals that at the time of the trial appellant was in the State of New Mexico. The record does not reveal that appellant's deposition was ever taken or that he was served with any process while in the State of Texas to compel his appearance as a witness in the cause. Appellant's second point is sustained in that there is no evidence to support the action of the court in invalidating the Nevada District Court judgment granting the divorce in favor of appellant as against appellee. Appellant's third point asserting that the evidence is insufficient to support the judgment of the trial court must also be sustained.

■ Appellee cites cases wherein foreign judgments were held void because of de-

fective service of process in the same. It is noteworthy that no issue was raised as to proper service of process on appellee in the divorce proceedings in the Nevada court. Although the attorneys in the cause concede that appellee made no appearance in the cause in Nevada, appellee testified that she filed an answer in the suit in Nevada although she did not go to Nevada. The filing of this answer in the Nevada court would preclude any issue as to improper service of process on the appellee in the divorce proceedings.

Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, relied upon by appellee as sustaining her cause of action under the legal proposition that, " * * * the foreign divorce will not be recognized in Texas even though it is valid in the state where is was rendered," has been expressly overruled by the United States Supreme Court in Williams v. State of North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273. On the same proposition, Roland v. Roland, Tex.Civ. App., 244 S.W.2d 318, 319, has ruled: " 'As a general rule, if a judgment is valid by the laws and practice of the state * * * where it is rendered, an action may be maintained on it in the courts of another state, although such judgment would be insufficient, or void, or could not be obtained, in the latter state.' " The rules governing such issue are fully stated in 27 C.J.S., Divorce, § 327, pp. 1272–1274. Further, on the legal principles involved in this cause, the following rule as laid down by the United States Supreme Court has been recognized by the Supreme Court of Texas in Rumpf v. Rumpf, 150 Tex. 475, 242 S.W.2d 416, 419 [6–7]: "It was held that the judgment was prima facie evidence of the jurisdiction of the court to render it and of the right which it purported to adjudicate, and that it was entitled to full faith and credit, the respondent not having overcome the prima facie validity and finality of the judgment." The appellee has not overcome the prima facie validity and finality of the Nevada judgment under the foregoing rule nor has appellee overcome

the validity of the Nevada judgment under the rule found in Baumgardner v. Southern Pac. Co., Tex.Civ.App., 177 S.W.2d 317, 319 [4, 5]: "The validity of the judgment is to be determined by the laws of the state where it was rendered, if pleaded and proved and it is immaterial that it is one not authorized by our laws or contrary to our public policy, for the 'full faith and credit' clause requires that it be recognized." On such issue, also see Baughan v. Goodwin, Tex.Civ.App., 162 S.W.2d 732, Syl. 1; Stout v. Stout, Tex.Civ.App., 214 S.W.2d 891; and Reed v. State, 148 Tex.Cr.R. 409, 187 S.W.2d 660, at page 661, Paragraph 3 (second case). Upon this last issue, it is noted that although appellee was attempting to attack the Nevada judgment she neither pleaded nor proved the residence requirements as to divorce under the laws of Nevada. Appellee merely assumes the legal residence requirements as to the divorce decree rendered in Nevada. Appellee's cause has failed under the above detailed requirements of the law of Texas.

■ The judgment of the trial court decrees that Beda C. Carr and Fred J. Carr are husband and wife, "and that all the privileges and obligations of that status as provided by the laws of Texas attached to them as such husband and wife." It is obvious that if appellant and appellee were legally husband and wife under the laws of the State of Texas, that such status could not be enhanced or created by a judgment so decreeing. It is likewise obvious that if appellee and appellant were husband and wife that should the Nevada decree be found to be invalid when presented in the courts of Texas, the status of appellant and appellee as husband and wife would still exist. Under the laws of Texas, matrimonial status cannot be acquired solely by a declaratory judgment but if such marital status does exist the same would continue in the absence of a valid decree of divorce or some action annulling the marriage.

■ The law has not been discussed as to appellee's right to attack, in a proper cause of action, the validity of the judgment of divorce as rendered in Nevada on the ground that the same was void for want of jurisdiction in the court. However, in the cases examined wherein a foreign judgment was attacked it must be noted that there was a clearly justiciable issue between the parties as to an existing cause of action in the State of Texas. Though the issue has not been raised on this appeal, it is questionable as to the existence of a justiciable issue in the case here presented. But, conceding the issue here raised as being one properly reviewable by the courts there is no question of the right of a litigant to question in the courts of Texas the validity and finality of a judgment rendered in a foreign state. In Keen v. Keen, Tex.Civ. App., 77 S.W.2d 588, 590 [5], writ refused, it was decreed: "It is too well settled for controversy that article 4, § 1, of the Constitution of the United States, does not preclude a showing that a judgment of divorce in one state, when presented in another state, was void for want of jurisdiction in the court rendering the judgment." Richmond v. Sangster, supra, Syl. 1; Burk v. Burk, supra, Syls. 3, 4.

■ Appellant's first point is sustained under this record as the judgment of the divorce of the State of Nevada is entitled to full faith and credit in the absence of evidence in support of the issue that the Nevada court had no jurisdiction of appellant's cause of action for divorce.

The judgment of the trial court is reversed and the cause is remanded.