Albert Henry CALLICOATTE, Appellant,

v.

Jewell V. CALLICOATTE, Appellee.

No. 3635.

Court of Civil Appeals of Texas.

Waco.

April 30, 1959.

Rehearing Denied May 21, 1959.

Louis W. Graves, Jr., Houston, for appellant.

Percy Foreman, Holvey Williams, Houston, for appellee.

WILSON, Justice.

This is an appeal from a judgment denying partition of community property, in which the trial court declared void a Nevada divorce decree obtained by appellant.

Appellee was served in Houston, Harris County by Nevada nonresident service, and entered no appearance in the Nevada action. The procedural aspects of the Nevada proceeding are not challenged.

Appellant contends the trial court erred in failing to extend full faith and credit to the Nevada decree in violation of Art. 4, Sec. 1 of the U. S. Constitution, in finding that at the time of the Nevada decree ap-

pellant was not a bona fide resident of that state and in concluding the Nevada court had no jurisdiction of the divorce proceeding.

Although the Nevada divorce decree is presumptively valid and entitled to full faith and credit, James v. James, 81 Tex. 373, 16 S.W. 1087; Rumpf v. Rumpf, 150 Tex. 475, 242 S.W.2d 416; Garman v. Reynolds, Tex.Civ.App., 284 S.W.2d 262, writ. ref., the full faith and credit clause does not preclude an inquiry as to domicile by a Texas court on collateral attack. Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366; Carr v. Carr, Tex.Civ.App., 279 S.W.2d 146; Keen v. Keen, Tex.Civ.App., 77 S.W.2d 588, 590; Richmond v. Sangster, Tex.Civ.App., 217 S.W. 723, writ. ref.

Appellant next asserts the trial court's finding on the issue of his bona fide residence in Nevada is not supported by any evidence, or sufficient evidence, and is contrary to the overwhelming preponderance of the evidence.

"The burden of undermining the verity which the Nevada decree imports rests heavily upon the assailant." Williams v. State of North Carolina, supra [325 U.S. 226, 65 S.Ct. 1097], Cook v. Cook, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 146.

In this case the trial court determined appellee discharged her burden, and in our opinion there is ample evidence to support his findings that appellant had no intention of establishing a residence in Nevada and was not a bona fide resident when the divorce was granted. This evidence may be summarized as follows:

Nevada Revised Statutes Sec. 125.020 provides that no court shall have jurisdiction to grant a divorce unless either plaintiff or defendant shall have been resident of the state for a period of not less than six weeks preceding the commencement of the action.

The parties were married in 1929 and lived together in Texas until appellant left appellee on May 23, 1955. He had previously instituted an action for divorce in Nueces County, Texas, after which the parties were reconciled. He testified he left Texas with the purpose and intent to file a suit for divorce; that he went to Nevada instead of filing a suit in Texas "to avoid all of the ruckus I knew I would have to go through here. Q. In other words, it was the experience you had in 1948 when you filed an unsuccessful or reconciled divorce suit in Corpus Christi that caused you to go to Nevada, some one thousand or more miles away and file a suit? A. Yes, sir." He went to his sister's home in Los Angeles and promptly obtained a job in Culver City, where he worked for about four weeks. He consulted a California attorney with reference to obtaining a divorce and was advised that the California residence requirement was one year. The California attorney then advised him of the short residential requirement in Nevada, recommending a Nevada lawyer.

On July 18, 1955, he went to Las Vegas, staying a day and a night in a tourist court, and then returned to Los Angeles. He testified that while he was in Las Vegas, he was just "more or less looking the situation over." He returned to Las Vegas from Los Angeles on July 25th and immediately engaged the recommended attorney who directed him to a boarding house at which other clients of the attorney were staying. He "went to that address for the specific purpose of establishing residence under the laws of the state of Nevada." Two weeks later he left Las Vegas, returning to Los Angeles for one day, and thereafter, each two weeks, he repeated these visits. He testified that he spent most of the time in the boarding house, waiting for passage of time so his suit could be filed. His divorce petition was filed September 8, 1955, and he immediately left the boarding house, going to Boulder City, staying with friends for a week looking for a job, and, finding no work, again returned to Los Angeles, where he did obtain work. He testified he intended to live in Boulder City, Nevada. The di-

vorce decree was rendered October 4, 1955. Appellant remarried in December of 1955, and this marriage was annulled in Los Angeles on undisclosed grounds. Appellant was advised that if he was absent from Nevada as much as 24 hours, his period of residence would have to begin anew, and he accordingly reported to the keeper of the boarding house in Las Vegas each time he left for California and when he returned. This boarding house keeper was his witness as to residence in the divorce action. Appellant testified in response to his counsel's questions that when he left Texas, he intended to permanently abandon Texas as his domicile, intending to permanently acquire a home in another state; and that when he went to Las Vegas, he intended to make Nevada his permanent home.

We consider the evidence adequate to support the findings of the trial court.

Appellant's other points of error have been considered and are overruled.

The judgment of the court below is affirmed.