Barbara Jean Dobbs ADAMS, Appellant,

v.

George Eugene ADAMS, Appellee.

No. 15476.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

May 22, 1969.

K. Ball Withers, Galveston, Ferris & Achee, Shreveport, La., for appellant.

Jean E. Hosey, Joseph S. Presnall, III, Galveston, for appellee.

BELL, Chief Justice.

This is an appeal from a judgment sustaining appellee's plea to the jurisdiction of the Court of Domestic Relations of Galveston County and dismissing the suit.

Appellant filed what she denominated "Original Petition for Registration of Foreign Support Decrees". Appellee filed his plea to the jurisdiction of the court. In the first paragraph he asserts that Exhibits C and D, which appellant sets out in her petition, are monetary judgments and ap-

pellant is seeking to reduce them to a domestic judgment so that as to such judgments appellant's action is in effect a suit for debt and under Article 2338–16, Vernon's Annotated Texas Civil Statutes, the trial court had no jurisdiction over an action. The appellant in addition to asking a registration of the decrees, had asked that full faith and credit be given them.

Appellee filed a plea in abatement and asked for dismissal, asserting that Exhibit A was not entitled to full faith and credit because it was a Louisiana court judgment awarding permanent alimony and the award of permanent alimony was contrary to the public policy of Texas.

A plea in abatement and prayer for dismissal was asked as to Exhibit B on the ground that this decree was an Arkansas interlocutory order and, not being final, was not entitled to being given full faith and credit.

The appellant's petition reflects she is a resident and citizen of Caddo Parish, Louisiana, and that appellee is a resident and citizen of Galveston, Texas. Appellant alleges there were four children born to the marriage of appellant and appellee, all of whom are now under the age of 16 years.

On March 5, 1964, appellant and appellee separated, both then residing in Caddo Parish. On June 8, 1964, appellee obtained a divorce from appellant in Columbia County, Arkansas. The petition for divorce made no mention of there being children born of the marriage. The judgment fixed neither custody nor support.

On December 30, 1966, appellant filed suit against appellee in Caddo Parish in Cause No. 177,321, seeking legal custody of the four children and the sum of $400.00 per month for their support. After personal service in Caddo Parish on appellee, he, through his attorneys, filed an answer. On March 31, 1967, in said cause judgment was signed awarding appellant permanent care, custody and control of the children,

and also "directing the defendant (appellee) to pay plaintiff (appellant) permanent alimony for their support in the amount of One Hundred and No/100 ($100.00) Dollars monthly for each child, or a total of Four Hundred and No/100 ($400.00) Dollars monthly for all four children, * * *" A certified copy of this decree is attached to the petition as Exhibit A.

On June 23, 1967, appellee, while the children were visiting him in Arkansas, filed a petition in the cause in which the divorce had been granted, by which he sought custody of the children and a reduction in the amount fixed in the Louisiana decree for child support. In response to this appellant filed a motion to dismiss. The motion was heard but has apparently not been determined. However, Exhibit B, attached to appellant's petition in this case, is a certificate of the clerk of the Chancery Court of Columbia County, Arkansas, showing that the "Motion" (apparently the motion of appellee with regard to support and appellant's motion to dismiss) was heard September 14, 1967, and that the judge made a docket entry on such date. The docket entry recites the matter was taken under advisement. It also recites that on motion of appellee, appellee was ordered to pay appellant $100.00 per week for the support of the four children, without prejudice to the rights of either party in any subsequent proceeding. We are not informed as to whether there was otherwise a written decree signed by the judge.

On September 7, 1967, in Cause No. 177,321, the Louisiana court rendered judgment in favor of appellant for the delinquency in child support payments fixed under the child support order of March 31, 1967. The amount of the delinquency was found to be $1,000.00. This judgment is attached to appellant's petition as Exhibit C.

On July 11, 1968, the Louisiana court rendered judgment in favor of appellant for $2,880.00. This represented the delinquency under the child support order of

March 31, 1967, including the $1,000.00 adjudged in the September 7, 1967 decree. The judgment is attached to appellant's petition as Exhibit D.

The petition then sets out the total of the delinquencies under the Arkansas decree and the original Louisiana support decree.

The petition pleads the Louisiana and Arkansas "Uniform Reciprocal Enforcement of Support Act." The Arkansas Act is found in Arkansas Statutes, Sections 34–2432 through 34–2438. The Louisiana Act is found in the Louisiana Revised Statutes of 1950, Title 13, Sections 1691 through 1696. These statutes are in all material respects the same as the Texas Statutes, Article 2328b–4, V.A.T.S. All deal with the enforcement of child support that has been decreed by the courts of another state.

Appellant's prayer was substantially as follows:

1. That the court enter its order confirming the Louisiana decree of March 31, 1967, and the Arkansas "order" of September 14, 1967 (Exhibits A and B);

2. That the court decree $3,070.00 to have been due on the Louisiana decree as of the date of the affidavit verifying appellant's petition in the Galveston court plus any further arrearages accruing thereafter up to the date of hearing;

3. That all of the above described Louisiana decrees and the Arkansas order be given full faith and credit;

4. That the court decree $2,141.00 to be due on the Arkansas order as of the date of the affidavit to appellant's petition plus any arrearages accruing thereafter up to the date of hearing;

5. That the Louisiana and Arkansas decrees be confirmed and recognized, pursuant to Section 37 of Article 2328b–4, V.A.T.S., with the appellee being directed to pay the arrearages due under the Louisiana decree;

6. That appellant's right to enforce the Louisiana decrees of September 11, 1967 and July 11, 1968, as money judgments be reserved;

7. That appellant recover reasonable attorney's fees.

We are of the view that the court was in error in sustaining the plea to its jurisdiction and dismissing the cause.

The Court of Domestic Relations of Galveston County was created by Article 2338–16, V.A.T.S. Section 3 of said Article fixes the court's jurisdiction and insofar as material here provides as follows: "The Court of Domestic Relations for Galveston County shall have the jurisdiction concurrent with the District Courts in Galveston County of all cases involving * * Reciprocal Support Act * * *."

The Texas Uniform Reciprocal Enforcement of Support Act appears as Article 2328b–4. It is divided into four parts. Part III deals with "Civil Enforcement". Part III is applicable here only in that Section 3 provides for jurisdiction in the District Court in proceedings under the Act.

Part IV is applicable to this case. It covers Sections 34 through 37. It deals with registration and enforcement of support orders rendered by the courts of another state. It is provided that if the duty to support is based on a foreign support order the obligee (here the minor children through appellant who is alleged to have legal custody) may register the "foreign support order" in a court in Texas. This is done by filing of a verified petition setting up a certified copy of the support order and the amount remaining unpaid. The order is "registered" upon the filing of the petition subject to a subsequent confirmation order of the court. The obligor (appellee here) is served as in other civil cases. The obligor may assert any defense available to a defendant in an action on a foreign judgment. On hearing the court

shall adjudicate the issues. If the support order is confirmed it shall have the same effect and may be enforced as if originally entered in a court of this state. The act does not apply to efforts to enforce payment of alimony.

We hold that the decree of the Louisiana court in Cause No. 177,321, dated March 31, 1967, is a child support order within the meaning of the Texas Act. Though at one place in the order the word "alimony" is used, clearly the order does not fix alimony or support for appellant, but fixes support for the children.

We also hold that the subject matter of the judge's docket entry in the Arkansas proceeding is within the purview of Article 2328b–4 insofar as jurisdiction is concerned. The fact that it may be interlocutory is not material. However, we call attention to the fact of a docket entry only, which will be material on a hearing as to whether there should be confirmation. See Judgments, 33 Tex.Jur.2d § 26, and authorities there cited.

We hold the court had jurisdiction to determine whether these two orders should be confirmed. They purport to be orders for child support, except the Arkansas order may be a mere docket entry.

Article 2328b–4 creates the cause of action. It vests jurisdiction in the district court. Under Section 3 of Article 2338–16 the trial court, as to said orders, has concurrent jurisdiction.

The other two Louisiana judgments are not decrees fixing support. They purport to be money judgments for alleged delinquencies under the support order. The trial court has no jurisdiction to enforce or confirm them under Article 2328b–4. In the hearing to confirm the support orders the judge shall determine all delinquencies.

In this proceeding attorney's fees are not recoverable.

Reversed and remanded.