Barbara R. MORWAY, Appellant,

v.

Lawrence E. MORWAY, Appellee.

No. 504.

Court of Civil Appeals of Texas, Tyler.

Oct. 29, 1970.

Rehearing Denied Dec. 10, 1970.

John A. Pace, Dallas, for appellant.

S. M. Victorson and Martin T. Burnham, Dallas, for appellee.

MOORE, Justice.

This is an appeal from an order sustaining defendant's plea to the jurisdiction of the Juvenile Court No. 2 of Dallas County and dismissing the suit.

Plaintiff brought suit against her former husband alleging in her original petition that both she and the defendant, Lawrence E. Morway, were residents of Dallas County, Texas. As grounds for a cause of action, she alleged that on the 4th day of October, 1961, plaintiff and defendant were husband and wife and, on said date, in the State of Alabama, Geneva County, in Inferior Court, in Equity, the plaintiff was awarded a judgment and decree of divorce from defendant; that said judgment awarded her the care, custody and control of their minor son, Scott Austin Morway, and provided for child support as follows:

> "It is further ORDERED, ADJUDGED AND DECREED by the Court that the agreement between the parties as set forth in paragraph four of the Bill of Complaint and dated the 27th day of September, 1961, is hereby confirmed, and the parties shall keep and abide by the terms thereof; however, the agreement is not merged in this decree but shall in all respects survive this decree."

Attached to her sworn petition was a certified copy of the Alabama judgment and a copy of agreement of the parties as referred to in the judgment. The agreement referred to appears to be a separation agreement. Paragraph 6 thereof provides, in substance, that defendant agreed to pay plaintiff 20% of his annual gross income for the support of their minor child, but in no event would the monthly payments exceed the sum of $175.00 nor less than $120.00 per month. Plaintiff further alleged that defendant had fallen in arrears with his payments. Attached to her petition was a schedule showing defendant's annual income and the amount of the payments made, together with a computation of the amount alleged to be due and owing. According to the schedule and other allegations in the petition defendant was in arrears in his payments in the amount of $2,073.58. She further alleged that the Alabama divorce decree constituted a judgment for child support and was entitled to full faith and credit under the Constitution of the United States and that the Juvenile Court of Dallas County was clothed with authority to enforce the same. Her prayer was that upon hearing the court determine that her petition set forth facts from which it could be adjudged that defendant had a duty to support his minor son, Scott Austin Morway, and had failed to do so; that he be ordered to appear and show cause why he should not make the payments as ordered by the Alabama Court and that she be awarded judgment against Defendant.

Defendant answered with a motion to dismiss for want of jurisdiction. His motion, in substance, asserts that the court was without jurisdiction because plaintiff sought only to recover a monetary judgment based upon the contract, and therefore her suit amounted to a suit for a debt. Hence he alleged that since the statute creating the Juvenile Court, Article 2338-9c, Vernon's Ann.Tex.St., fails to confer jurisdiction upon the Juvenile Court to hear suits involving debts, the court was without jurisdiction over the subject matter of the

litigation. He asserted that the suit was maintainable only in the District Court.

We have concluded that the trial court was in error in sustaining the plea to the jurisdiction and dismissing the cause.

While defendant is correct in contending that Article 2338–9c, supra, confers no jurisdiction upon the Juvenile Court over suits for the collection of debts, Sec. 5 thereof, contains this pertinent provision:

"Said Juvenile Court No. 2 shall have jurisdiction concurrent with the District Courts, * * * situated in said County of all cases involving * * * Reciprocal Support Act * * *".

While plaintiff does not specifically allege in her petition that her cause of action was brought under the provisions of the Reciprocal Support Act, a review of her petition as a whole shows that her purpose was for the collection of child support under the Alabama decree.

The Texas Uniform Reciprocal Enforcement of Support Act is set forth in Article 2328b–4, V.A.T.S. The Reciprocal Support Act is divided into four parts. Part III deals with "Civil Enforcement" and is pertinent here only because sec. 10 thereof provides for jurisdiction in the District Court in proceedings under the act. Part IV of the act is entitled "Registration of Foreign Support Orders". Sections 34–37 deal with registration and enforcement of support orders rendered by the courts of another state. Those provisions, in summary, provide that if the duty to support is based on a foreign support order the obligee (here the minor children through appellant who is alleged to have legal custody) may register the "foreign support order" in a court in Texas. This is done by filing a verified petition setting up a certified copy of the support order and the amount remaining unpaid. The order is "registered" upon the filing of the petition subject to a subsequent confirmation order of the court. The obligor (defendant here) is served as in other civil cases. The obligor may assert any defense available to a defendant in an action on a foreign judgment. On hearing, the court shall adjudicate the issues. If the support order is confirmed, it shall have the same effect and may be enforced as if originally entered in a court of this state. Thus the act seems to provide for a cause of action of the type which plaintiff seeks to assert. Her petition was verified and appears to be in conformity with all requirements set forth under Part IV of the Act.

We cannot agree with the defendant's argument that plaintiff's petition constitutes only a suit for debt. To so hold would be to ignore the terms of the Alabama judgment confirming the agreement of the parties and ordering the defendant to keep and abide by the terms of the agreement wherein he agreed to make child support payments. The petition clearly shows that the plaintiff sought only to enforce the judgment decreeing support. Properly interpreted, her petition seeks a registration of a foreign support order with a prayer for the enforcement thereof by the court of this State. While the judgment of the Alabama Court does not specifically set forth the child support payments to be made by defendant, it specifically confirms the agreement made by him with reference to child support and decrees that he "shall" keep and abide by the terms thereof.

We hold that the decree of the Alabama Court, dated the 4th day of October, 1961, is a child support order within the meaning of the provisions of Part IV of the Texas Act and that Plaintiff's pleadings allege a cause of action as contemplated therein. Adams v. Adams, 441 S.W.2d 917 (Tex. Civ.App., Houston, 1969, n.w.h.); Meeker, Texas Law Review, Vol. 44, pp. 814–821.

534

In view of the fact that Sec. 5 of Art. 2338–9c, confers concurrent jurisdiction upon the Juvenile Court along with the District Courts over actions instituted under the Reciprocal Support Act, we hold that the Juvenile Court had jurisdiction to determine whether the order of support decreed by the Alabama Court should be confirmed.

Accordingly, the judgment is reversed and the cause remanded.