**Patrick N. PARKER, III, Appellant,**

v.

**Carolyn West PARKER, Appellee.**

No. 17553.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 24, 1980.

Richard Parker, Houston, for appellant.

J. Lindsey Short, Jr., Houston, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

WALLACE, Justice.

This is an appeal from a judgment in favor of petitioner for past due alimony and child support and for confirmance of a Georgia decree for child support, brought under the Texas Uniform Reciprocal Enforcement of Support Act (URESA), Tex. Fam.Code Ann. § 21.61 et seq. (Vernon 1975).

The issues are: (1) consideration by the trial court of petitioner's unverified petition to register a foreign judgment for support; (2) granting a judgment for alimony as being against the public policy of Texas; (3) finding by the trial court that the Georgia judgment was final so as to be entitled to full faith and credit; and, (4) the refusal by the trial court to consider extrinsic evidence to clarify the property settlement agreement executed by the parties and made a part of the Georgia judgment. We affirm.

Petitioner's original petition for registration was accompanied by her affidavit based on "the best of her information, knowledge and belief." Respondent filed no special exceptions to the petition nor did he make any objection to the pleading until the trial court had orally rendered judgment and the petitioner had moved for entry of judgment. Rule 90, Texas Rules of Civil Procedure, provides in part:

"Every defect, omission or fault in a pleading either in form or of substance,

which is not specifically pointed out by motion or exception in writing and brought to the attention of the judge . . . in a non-jury case before the rendition of judgment, shall be waived by one seeking reversal on such account."

■ Rendition of a judgment is the oral or written pronouncement by the court of its conclusions and decisions upon the matters presented to it for adjudication. A judgment is rendered when the decision is officially announced either orally in open court or by memorandum filed with the clerk. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289 (1953).

■ Respondent waived any defect in petitioner's petition by failing to bring it to the attention of the court prior to rendition of judgment. *Texas Osage Co-op Royalty Pool v. Kemper*, 170 S.W.2d 849 (Tex.Civ. App.—Galveston 1943, writ ref'd); *Webb v. Mitchell*, 371 S.W.2d 754, 761 (Tex.Civ.App. —Houston [1st Dist.] 1963, no writ).

■ Respondent contends by his second point of error that the Georgia judgment is void and unenforceable because URESA does not apply to efforts to enforce payment of alimony, and for the further reason that the enforcement of permanent alimony in Texas is against public policy. Respondent is correct in his contention that URESA does not apply to the payment of alimony. However, it does not follow that a foreign judgment cannot be registered under URESA because it contains provisions for both child support and alimony. When confirmed, the support portion of the judgment has the same effect as if originally entered in a court of this state. The alimony portion is not effected by the registration under URESA. *Adams v. Adams*, 441 S.W.2d 917 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ). The alimony portion would remain a valid judgment in the rendering state subject to enforcement as provided by law.

■ Respondent's contention that enforcement in Texas of accrued alimony under a foreign judgment is against the public policy of Texas was disposed of by our Supreme Court in *McElreath v. McElreath*, 162 Tex. 190, 345 S.W.2d 722 (1961), as follows:

"It would seem that Texas should have no concern with the statutes and methods adopted by Oklahoma in settling the matrimonial differences of its citizens and their property rights."

Respondent's second point of error is overruled.

■ Respondent, by his third point of error, contends that the Georgia judgment was not "final" and therefore not entitled to full faith and credit. His contention is based upon a provision in the property settlement agreement, made a part of the divorce decree, that "This agreement may be . . . modified on application of either party for the reasons and upon the conditions provided in Section 30–220 through 30–223 of Georgia Code Annotated (Ga. Laws 1955, p. 630–631) or similar statutes hereinafter enacted." The petitioner properly moved the court to take judicial notice of the laws of Georgia and they were before the trial court. The statutes enumerated in the property settlement agreement provided for modification of a child support decree based on a change in the financial status of the husband. The Georgia Supreme Court has ruled that past due alimony or child support is vested and cannot be modified in a factual situation such as this case. *Roberts v. Mandeville*, 217 Ga. 90, 121 S.E.2d 150 (1961); *Fricks v. Fricks*, 215 Ga. 137, 109 S.E.2d 596 (1959); *Banda v. Banda*, 192 Ga. 5, 14 S.E.2d 479 (1941).

The Texas Supreme Court has extended full faith and credit to foreign alimony decrees where by the laws of a sister state the arrearages have become vested and absolute. *Rumpf v. Rumpf*, 150 Tex. 475, 242 S.W.2d 416 (1951); *Gard v. Gard*, 150 Tex. 347, 241 S.W.2d 618 (1951).

In this case the alimony arrearages were vested and absolute in Georgia and thus entitled full faith and credit in Texas. Respondent's third point of error is overruled.

■ Respondent's fourth point of error complains of the trial court's refusal to

admit parol evidence to the effect that the parties had orally agreed that the children would be sent to private schools and that such agreement was part of the consideration of the agreed child support.

Upon the trial court's refusal to admit the parol evidence, respondent was permitted to make a Bill of Exceptions. After presenting testimony from respondent concerning the oral agreement of the parties to send the children to private schools, the following discussion took place between respondent's attorney and the court.

Mr. Parker: We're still on the Bill.

The Court: On what?

Mr. Parker: I understand you objected to bringing it up—is the court's ruling we cannot attempt to amend the decree in any manner?

The Court: I'm holding it's a final agreement between the parties. I'm not going to go behind the agreement. I'm letting you put on anything you want to. Put it on. Put it on.

Mr. Parker: I withdraw the Bill and return to the trial in chief.

It would appear that respondent withdrew the Bill of Exceptions containing the testimony which he complained was not admitted into evidence. Since he did not offer it into evidence and secure a ruling from the court as to its admissibility, he waived any error by the court in its exclusion. *Texas Employers' Insurance Association v. Garza*, 557 S.W.2d 843, 845 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.); Address by Chief Justice Coleman, "Preserving Error for Appeal Where The Trial Court Has Excluded Evidence," Appellate Practice Seminar, Houston Bar Association Continuing Legal Education Seminar (November 2, 1979). Even if the Bill of Exception had been properly offered, the trial court was correct in refusing to consider it. The only defenses available in an action for registration and confirmation of a foreign decree of support are "those available to a defendant in an action on a foreign judgment." Tex. Fam.Code Ann. § 21.65 (Vernon 1975). As in a full faith and credit inquiry, the only defenses which may be interposed in a reg-istration and confirmation hearing are those which relate to the validity of the foreign decree, such as a lack of jurisdiction or the existence of procedural defects which render the judgment void. *O'Halloran v. O'Halloran*, 580 S.W.2d 870 (Tex.Civ.App.— Texarkana 1979, no writ). Respondent's fourth point of error is overruled and the judgment of the trial court is affirmed.