**Herbert G. RUSH, Appellant,**

v.

**Jeanette Rush HAGLER, Appellee.**

**No. 18361.**

Court of Civil Appeals of Texas, Fort Worth.

Jan. 22, 1981.

Garrett & Burkett, and Robert D. Akers, Fort Worth, for appellant.

McKnight & Fouts, and Mary D. McKnight, Dallas, for appellee.

OPINION

SPURLOCK, Justice.

This is a cause of action by the mother to recover from the father past due child support payments. The father had filed a motion to reduce the amount of the child support. The trial court rendered judgment for the mother for the unpaid payments and in a separate order denied the father's mo-

tion to reduce the amount of his monthly child support payments. The order denying the father's motion to reduce the amount of the child support payments was not appealed. The appeal before us is only from the judgment for unpaid child support.

We affirm.

Herbert Rush and Jeanette Rush were divorced in 1971, at which time the custody of five minor children was awarded to Jeanette Rush, and Herbert Rush was ordered to pay child support of $1000.00 per month. Other provisions of the divorce decree was that the child support was to continue until the youngest child reached 18 years of age, that Herbert Rush was to provide for the exclusive use and benefit of Jeanette Rush and his minor children a specific home until the youngest child reached 18 years of age in the absence of certain specified events, and that Herbert Rush was to be responsible for all medical and dental expenses of the children.

In 1972 the court, on motion of Herbert Rush, ordered the amount of child support decreased from $1000.00 to $850.00 per month because one child had decided to live with her father. In that order, the court specifically provided that if the minor child were to return to reside with her mother, child support was to automatically return to $1000.00 per month. The court ordered Herbert Rush to continue to make payments on the residence, but no mention was made of the fact that child support as ordered was either in a lump sum for the remaining children or on a prorata basis or that medical and dental expenses were to continue to be borne by Herbert Rush.

In 1974 the court again modified the amount of child support to be paid, this time by increasing the amount owed from $800.00 to $1050.00 per month "for the support of the children." This was the last order of the court concerning child support, and it made no reference to either the residence or the dental or medical expenses provisions.

In spite of the fact that this was the last order of the court setting the amount of child support to be paid, Herbert Rush unilaterally reduced the amount which he paid, at times paying $787.50 per month and at other times paying $525.00 per month. During 1976 a hearing was held on two motions, one by Jeanette Rush (filed first) for contempt since there was an alleged arrearage in excess of $1000.00, and the other by Herbert Rush, seeking a reduction in child support. No order was entered on either motion until approximately three and a half years later, when the court on December 5, 1979, heard Jeanette Rush's motion to reduce unpaid child support to judgment, which had been filed during July of 1979. At that time the court denied Herbert Rush's motion to reduce the amount of child support and in a separate order granted Jeanette Rush's motion for judgment. The court found that the contempt motion had been nonsuited. After allowing a brief period for the parties to examine the records in the child support office, the parties and their counsel confirmed the exact amount of child support still owed by Herbert Rush under order of the court. The court then signed on December 28, 1979, the judgment order requiring that Herbert Rush pay $18,900.00 to Jeanette Rush. There is no dispute concerning the computation of the amount of child support which had been ordered by the court, the amount actually paid by Herbert Rush, or the balance which remained unpaid.

The order of the court for judgment against Herbert Rush in the amount of $18,900.00 is now appealed; the separate order denying the motion to reduce the amount of child support, although final and appealable, was not challenged. No appeal can now be taken from the denial of the motion to reduce the amount of child support since the time limits for appeal have expired. Although not technically before us, since the judgment requirements have been met by a showing that the court had jurisdiction, that an existing court order was in effect, and that there is no dispute as to actual payments, we note that Herbert Rush's three points of error allege that the trial court should have reduced the amount of child support which had, under

the terms of the last and still effective order of the court, become past due. Sections 14.08 and 14.09, Texas Family Code, were discussed in *Frank v. Reese*, 594 S.W.2d 119 (Tex.Civ.App.—Houston, 1st Dist., 1979). There the court quoted with approval a commentary in 5 Tex.Tech.L. Rev. 432 (1973–74):

> "[14.08] Subsection (c) states existing law except in the provision that support obligations may be modified only prospectively. This operates to penalize an obligor who does not promptly seek court relief.... This makes each installment under an order for periodic support or maintenance final and nonmodifiable when it falls due. The purpose of making each installment final is to give each past due installment the status of a final judgment entitled to full faith and credit in other states. *Griffin v. Griffin*, 327 U.S. 220 [66 S.Ct. 556, 90 L.Ed. 635]; *Sistare v. Sistare*, 218 U.S. 1 [30 S.Ct. 682, 54 L.Ed. 905]; *Ex Parte Helms*, 259 S.W.2d 184 [152 Tex. 480]; *Rumpf v. Rumpf*, 242 S.W.2d 416 [150 Tex. 475]."
> 594 S.W.2d at 122.

Herbert Rush was free to seek a court-ordered reduction in child support at any time. He did in fact file two such motions, one of which resulted in a reduction of the amount of child support he was obligated to pay and one of which was allowed to remain before the court for three and a half years after the hearing without any further action on his part. The evidentiary points which he argues may have persuaded the court to order reduction in the child support which he was ordered to pay, but those questions are not now and cannot be before this court on appeal because of the provisions of Section 14.08(c) Texas Family Code, which reads:

§ 14.08. Modification of Order

> "(c) After a hearing, the court may modify an order or portion of a decree that: ... (2) provides for the support of a child, ... if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order of decree; *except that an order providing for the support of a child may be modified only as to obligations accruing subsequent to the motion to modify.*" (Emphasis ours)

The third point of error is that the trial court erred in not rendering judgment for three and one-half years after Herbert Rush's motion to reduce child support was heard by the court. Since this period of time had elapsed the statement of facts was not available because the court reporter had, as was his right, destroyed the necessary notes. This question is not properly before this court, since only the order reducing unpaid child support to judgment has been appealed.

Each point of error had been considered, and each is overruled. The judgment of the trial court is affirmed.